IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALAN BRADLEY, | : | |
| Plaintiff, | : | |
| v. | : | CA No. 04-412ML |
| GORDON R. ENGLAND, Secretary of the United States Department of the Navy, | : | |
| Defendant. | : | |

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

You are hereby requested, pursuant to Rule 34 of the Federal Rules of Civil Procedure, to produce for the defendant for the purpose of inspection and copying, the documents listed below. Production shall be made, within 30 days from receipt hereof, at the office of the United States Attorney, Fleet Center, 8th Floor, 50 Kennedy Plaza, Providence, Rhode Island 02903. If the materials are too voluminous to be sent to said office, plaintiff is requested to advise the undersigned so that appropriate arrangements can be made. You are also requested to supplement your response in accordance with the provisions of Rule 26(e) of the Federal Rules of Civil Procedure.

As used in this request, the term "document" includes, but is not limited to, any written, recorded or graphic materials, however produced or reproduced, including, but not limited to, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations of any sort of

conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any kind (including without limitation, photographs, charts, graphs, microfilms, microfiche, video tapes, recordings, motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation tapes, cassettes, discs, recordings). This Request for Production includes all responsive documents available to or in the possession, custody, or control of plaintiff, his attorneys, or his agents and all non-identical copies of any documents. **WITH RESPECT TO ALL REQUESTS FOR PRODUCTION, YOU MAY OMIT ANY DOCUMENTS PROVIDED TO YOU BY COUNSEL FOR DEFENDANT DURING THIS LITIGATION.** However, please refer to them as responsive to the request.

1. Any and all records, reports or other documents of Dr. Robert Carrellas relating to the Plaintiff, Alan Bradley, including but not limited to documents reflecting examination and treatment, test results, hospitalizations, correspondence to and from any individual, and any other documents relating to Mr. Bradley. In the alternative, Defendant requests that Plaintiff execute the attached authorization for release of such records.

2. Any and all records, reports or other documents of Dr. Deutsch of Fall River, Massachusetts relating to the Plaintiff, Alan Bradley, including but not limited to documents reflecting examination and treatment, test results, hospitalizations, correspondence to and from any individual, and any other documents relating to Mr. Bradley. In the alternative, Defendant requests that Plaintiff execute the attached authorization for release of such records.

3. Any and all records, reports or other documents from any health care practitioners who provided examination or treatment of the Plaintiff relating to his eyes, including but not limited to documents reflecting examination and treatment, test results, hospitalizations, correspondence to and from any individual, and any other documents relating to Mr. Bradley. In the alternative, Defendant requests that Plaintiff execute the attached authorization for release of such records.

4. Any and all records, reports or other documents of Dr. Pierce relating to the Plaintiff, Alan Bradley, including but not limited to documents reflecting examination and treatment, test results, hospitalizations, correspondence to and from any individual, and any other documents relating to Mr. Bradley. In the alternative, Defendant requests that Plaintiff execute the attached authorization for release of such records.

5. Any and all records, reports or other documents of Dr. Randy Kozel relating to the Plaintiff, Alan Bradley, including but not limited to documents reflecting examination and treatment, test results, hospitalizations, correspondence to and from any individual, and any other documents relating to Mr. Bradley. In the alternative, Defendant requests that Plaintiff execute the attached authorization for release of such records.

6. Any and all records or other documents concerning prescription medications supplied to Plaintiff from 1994 to the present from any and all pharmacies. In the alternative, Defendant requests that Plaintiff executed authorizations for release of such records from any and all pharmacies at which Plaintiff obtained prescription medications.

7. Any and all diaries, journals, logs, notes, memoranda or other writings made or maintained by Alan Bradley or any other witness reflecting any information concerning the events which are the subject of the instant lawsuit. the physical disabilities referred to in his complaint, his employment, any conversations or correspondence with any agents, servants or employees of defendant, or any other matters, not privileged, relating to this lawsuit.

8. Any documents reflecting the educational and employment history of Alan Bradley.

9. Any and all documents relied upon or referred to in answering the interrogatories propounded to Alan Bradley by the defendant.

10. Any and all correspondence, electronic or otherwise, between Plaintiff and any agent, servant or employee of the Defendant.

11. Any and all documents reflecting requests for accommodations at the workplace made by Plaintiff from 1985 through the present, including any documents submitted in support of such requests.

12. Any and all documents reflecting and/or relating to any EEO complaints, formal or informal, made by Plaintiff prior to 1996.

13. Any and all documents relating to the claims made by you in the complaint or discovery or to the defenses asserted in the answer or discovery.

14. All medical reports and records to include bills, statements, other documents reflecting charges or payments, x-rays, CT scans, MRI scans, and any other diagnostic tests that have been made in connection with any medical examination or treatment of plaintiff and all attachments to said reports including correspondence, for each and every condition which you allege relates to any and all physical, emotional, or psychological injuries suffered by you as a result of the alleged acts or omissions of defendant or his agents and/or employees. This Request includes, but is not limited to, reports and correspondence to your attorneys.

15. A complete copy of all statements obtained from anyone having or purporting to have knowledge regarding the facts alleged or claims made in the complaint or to the defenses asserted in the answer.

16. All statements taken from agents or employees of defendant regarding the incidents which are the subject of this litigation.

17. All statements given by Plaintiff regarding the incidents which are the subject of this litigation, other than those covered by the attorney-client privilege. If there are any such statements which are not in your possession, please identify by name and address, the person or entity having custody of the statements demand for release of the records may be sent to that person or entity. (Copies of any records received will be provided to plaintiff.)

18. Any and all letters, memoranda, summaries or reports concerning the instant matter which have been supplied to any expert witness plaintiff reasonably anticipates she will call to testify at trial.

19. Any and all letters, memoranda, summaries or reports of expert witnesses plaintiff reasonably anticipates will be called to testify at the trial of this matter.

20. All photographs, videotapes, motion pictures, "day in the life" films, diagrams, or other visual aids in your possession, custody or control, relating to your claims in this action.

21. The current resume or curriculum vitae of all experts you reasonably anticipate to call at the trial of this action including a list of all publications authored and any presentations given by them on topics related to the subject(s) of their expected testimony.

22. All documents, including handwritten notes and diaries, prepared or kept by you which discuss or relate to your health in general or the issues in this action.

23. All documents relating to Plaintiff's employment with the Department of Navy (hereinafter "Department"), including but not limited to, her entire personnel file, attendance records, supervisor files, human resource files, all performance evaluations, any disciplinary warnings, salary and wage records, W-2 forms, benefit records and retirement benefit records.

24. All statements, including any documents, letters, notes, or memoranda regarding any conversations between the Department's employees and/or management and any past or present employee regarding the Plaintiff's work performance.

25. All documents regarding any allegations of discrimination and retaliation made by the Plaintiff.

26. All documents regarding any complaints concerning promotions and/or promotional opportunities made by the Plaintiff.

27. All documents, including any memos, pertaining to any meetings, discussions, encounters, and/or conversations, whether private or public that the Plaintiff contendsshe had with any agent or employee of the Department which relate in any way to the allegations made by plaintiff in this Complaint or in the discovery provided herein.

28. All investigative reports relative to the incidents alleged in Plaintiff's complaint, whether contained in the Plaintiff's personnel file or not.

29. Any diary, pocket calendar, desk calendar, journal, computer entries or other means of periodically recording materials or notes recorded or kept by the Department, and each employee, agent or representative of the Department covering the period of the Plaintiff's date of hire until the present date wherein there is set forth therein any mention of the facts pertaining to the subject matters involved in this lawsuit, whether said matter is set forth therein directly or indirectly.

30. All statements taken by any employee, representative, or agent of the Plaintiff, its attorney(s), or investigator(s) from any witness to any incident referred to in Plaintiff's Complaint, the Answer, or in the discovery in this matter.

31. Copies of your current driver's license as well as of any and all driver's licenses in your possession, regardless of whether or not they are expired, and any and all records in your custody or control relating to your application for any and all driver's licenses.

32. All documents which you may introduce into evidence at the trial of this case or may be used to refresh the recollections of witnesses at depositions or trial.

33. All documents containing any and all statistical data relied on by the Plaintiff.

34. A complete copy of all documents and other physical evidence or statements related to your claim that you have been qualified for each position/promotion you sought.

35. A complete copy of all documents and other physical evidence or statements related to your claim that epilepsy has served as a basis for the Defendants agents not to promote or hire you.

36. A complete copy of all documents and other physical evidence or statements related to your claim that you have been ridiculted over the past 10 years of working for the Defendant.

37. A complete copy of all documents and other physical evidence or statements concerning any and all action taken by you to apply for or otherwise seek the positions filled by David Preston and/or David Pineault.

38. A complete copy of all documents and other physical evidence or statements related to your claim that the ability to drive a motor vehicle is not an essential element to the housing management positions that you applied for.

39. A complete copy of all documents and other physical evidence or statements related to your claim in paragraph 8 of the Complaint that you were advised by employees of the Defendant that you did not receive advancements or promotions because you had disabilities.

40. A complete copy of all documents and other physical evidence or statements related to your claim in paragraph 37 of the Complaint that the Defendant is motivated by dissatisfaction with the Plaintiff for engaging in protected EEO.

41. A complete copy of all documents and other physical evidence or statements related to your claims that each of the acts or omissions which you claim were motivated by or the result of discrimination or retaliation against you caused you any economic harm or damages.

42. A complete copy of all documents and other physical evidence or statements related to your claims that each of the acts or omissions which you claim were motivated by or the result of discrimination or retaliation against you caused you any other harm or damages.

43. Any and all documents not otherwise produced in response to these requests which relate to your claims in this action or the defenses asserted in the answer or discovery.

Respectfully Submitted,

ROBERT CLARK CORRENTE
United States Attorney

LISA DINERMAN #2689
Assistant United States Attorney
Fleet Center
50 Kennedy Plaza, Eighth Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Request for Production of Documents was sent, postage prepaid, this 30th day of September, 2005 to Joseph F. Hook, Esq., 294 Valley Road, Middletown, RI 02842.

## AUTHORIZATION TO RELEASE MEDICAL INFORMATION

**PATIENT NAME:** ______________________________

**BIRTH DATE:** ______________________________

**SSN:** ______________________________

**TO:**

**RELEASE TO:**

Representatives of the U.S. Attorney's Office
for the District of Rhode Island

---

**INFORMATION REQUESTED:** I request and authorize the above-named person or class of persons to release the information specified below to representatives of the United States Attorney's Office or the Department of Justice. Any and all records regarding treatment of **ALAN BRADLEY** including but not limited to:

1. Copy of complete chart, progress notes & interview notes, medical or other reports, letters and other communications, discharge summaries, operative reports, x-ray and all imagery, laboratory tests, pathology tissue, and all diagnostic studies whether in electronic data or other format.

2. Billing records

---

**PURPOSE(S) OR NEED FOR WHICH INFORMATION IS TO BE USED:**

(Include case name or identify administrative claim)
**Alan Bradley v. Gordon England, Secretary of the Department of the Navy, United States District Court for the District of Rhode Island, Civil Action No. 04- 412ML**

**CERTIFICATION:** I certify that this request has been made voluntarily and that the information given above is accurate to the best of my knowledge. I understand that I may revoke this Authorization at any time, provided that revocation is in writing, except to the extent that action has already been taken in reliance upon this Authorization. I understand that the doctor, health care provider, or health plan from whom my medical information is requested in this Authorization, may not condition treatment, payment, enrollment or eligibility for benefits on whether I sign this Authorization. I understand the potential for the information disclosed pursuant to this Authorization to be subject to redisclosure by the recipient and no longer be protected by the Standards for Privacy of Individually Identifiable Health Information, set forth at 45 CFR Parts 160 and 164.

**EXPIRATION:**

Check one:

_x_ This Authorization will automatically expire upon completion of the litigation in the within identified case, C.A. No. 04-412ML, pending in U.S. District Court for the District of Rhode Island.

___ This Authorization will automatically expire upon completion of the administrative claim of ______________________________ filed on ________________________.

___ This Authorization shall be effective until ______________________________.

**OTHER CONDITIONS:**

_x_ A copy of this Authorization or my signature thereon shall be used with the same effectiveness as an original.

_x_ Communications between provider and any representative of the U.S. Attorney's are authorized.

**SIGNATURE OF PATIENT:**_______________________________________________

**OR PERSON AUTHORIZED TO SIGN FOR PATIENT:***_________________________

_______________ MONTH/DAY/YEAR

___________________________________ PRINT OR TYPE NAME

*Provide basis of Authorization:______________________________________

# AUTHORIZATION TO RELEASE MEDICAL INFORMATION

**PATIENT NAME:**________________________________________

**BIRTH DATE**: ________________________________________

**SSN:** ____________________________________________

| **TO:** | **RELEASE TO:** |
|---|---|
| | Representatives of the U.S. Attorney's Office for the District of Rhode Island |

---

**INFORMATION REQUESTED:** I request and authorize the above-named person or class of persons to release the information specified below to representatives of the United States Attorney's Office or the Department of Justice. Any and all records regarding treatment of **ALAN BRADLEY** including but not limited to:

1. Copy of any and all records reflecting prescriptions filled for Alan Bradley for the period 1994 to the present, including but not limited to the name of the drug, date issued, prescribing physician/health care provider, dosage, and number of refills.

2. Billing records

---

**PURPOSE(S) OR NEED FOR WHICH INFORMATION IS TO BE USED:**

(Include case name or identify administrative claim)
**Alan Bradley v. Gordon England, Secretary of the Department of the Navy, United States District Court for the District of Rhode Island, Civil Action No. 04- 412ML**

**CERTIFICATION:** I certify that this request has been made voluntarily and that the information given above is accurate to the best of my knowledge. I understand that I may revoke this Authorization at any time, provided that revocation is in writing, except to the extent that action has already been taken in reliance upon this Authorization. I understand that the doctor, health care provider, or health plan from whom my medical information is requested in this Authorization, may not condition treatment, payment, enrollment or eligibility for benefits on whether I sign this Authorization. I understand the potential for the information disclosed pursuant to this Authorization to be subject to redisclosure by the recipient and no longer be protected by the Standards for Privacy of Individually Identifiable Health Information, set forth at 45 CFR Parts 160 and 164.

**EXPIRATION:**

Check one:

_x_ This Authorization will automatically expire upon completion of the litigation in the within identified case, C.A. No. 04-412ML, pending in U.S. District Court for the District of Rhode Island.

___ This Authorization will automatically expire upon completion of the administrative claim of ________________________________ filed on _________________________.

___ This Authorization shall be effective until _______________________________.

**OTHER CONDITIONS:**

_x_ A copy of this Authorization or my signature thereon shall be used with the same effectiveness as an original.

_x_ Communications between provider and any representative of the U.S. Attorney's are authorized.

---

**SIGNATURE OF PATIENT:**_____________________________________________

**OR PERSON AUTHORIZED TO SIGN FOR PATIENT:***__________________________

_________________ MONTH/DAY/YEAR

_____________________________________ PRINT OR TYPE NAME

*Provide basis of Authorization:_____________________________________________