USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN

*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| ALAN BRADLEY | 04-412ML |
| DEFENDANT | TYPE OF PROCESS |
| GORDON R. ENGLAND, Secretary, U.S. Department of the Navy | Depo Notice, Subpoena, [redacted] |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Dr. Randy Kozel

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
31 King Charles Drive, Portsmouth, RI 02871

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Anthony C. DiGioia, Assistant U.S. Attorney
United States Attorney's Office
Fleet Center, 50 Kennedy Plaza, 8th Floor
Providence, RI 02903

| | |
|---|---|
| Number of process to be served with this Form 285 | 2 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE ***(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):***

Fold　　　　Fold

ATTACHED DOCUMENTS NEED TO BE SERVED BEFORE MAY 30, 2006.

| Signature of Attorney other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| | ☐ PLAINTIFF ☑ DEFENDANT | 401- 709-5000 | 5/23/06 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 2 | No. 070 | No. 070 | | 5/23/06 |

I hereby certify and return that I ☒ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

Name and title of individual served *(if not shown above)*
RANDY KOZEL MD

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address *(complete only different than shown above)*
31 KING CHARLES DR
PORTSMOUTH, R.I

| Date | Time | |
|---|---|---|
| 5/24/06 | 1224 | ☐ am ☐ pm |

Signature of U.S. Marshal or Deputy: C. A Moody

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| $ 45.00 | $ 32.93 | | $ 77.93 | | $0.00 |

REMARKS: (74 MILES) (1 DEP) (1 HR)

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/15/80
Automated 01/00

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

ALAN BRADLEY

V.

GORDON R. ENGLAND, Secretary of the United States Department of the Navy

**SUBPOENA IN A CIVIL CASE**

Case Number: 04-412ML

TO: Dr. Randy Kozel
31 King Charles Drive
Portsmouth, RI 02871

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

✓ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ANY AND ALL MEDICAL RECORDS, NEW OR OTHERWISE, THAT WERE NOT DELIVERED IN RESPONSE TO THE PREVIOUS SUBPOENA.

| PLACE | DATE AND TIME |
|---|---|
| UNITED STATES ATTORNEY'S OFFICE<br>FLEET CENTER, 50 KENNEDY PLAZA, 8TH FLOOR<br>PROVIDENCE, RI 02903 | May 30, 2006 at 3:00 pm |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | May 23, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
ANTHONY C. DIGIOIA, ASSISTANT U.S. ATTORNEY
FLEET CENTER, 50 KENNEDY PLAZA, 8TH FLOOR
PROVIDENCE, RI 02903 - (401) 709-5000

Randy B Kozel 5-24-06

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

NOTE: PLEASE CONTACT THIS OFFICE IF YOU WOULD PREFER TO GIVE THE DEPOSITION IN YOUR OWN OFFICE OR IF YOU WISH TO RESCHEDULE TO A MORE CONVENIENT DATE.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 5/24/06 | 31 KING CHARLES DR PORTSMOUTH, R.I |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| DR. RANDY KOZEL | IN HAND |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| C.A MOORE JR | CI-DUSM |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5/24/06
DATE

C.A Moore
SIGNATURE OF SERVER

2 EXCHANGE TERR
ADDRESS OF SERVER

PROV. R.I

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.