UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALAN BRADLEY<br>Plaintiff | : | |
| V. | : | CA 04-412ML |
| GORDON R. ENGLAND in his capacity<br>As Secretary of the Department of the<br>United States Navy<br>Defendant | : | |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Now comes the Plaintiff in the above captioned matter who hereby moves this Honorable Court to compel the Defendant to produce certain documents requested in the Plaintiff's first request for production of documents propounded upon the Defendant, documents requested in **Exhibit A** attached to a notice of deposition to Karen Peckham, that the parties agreed to treat as a request for production of documents.

Pursuant to the requests, the Plaintiff has sought production of the following documents that are protected by the Privacy Act under 5 USC 552a, and is requesting that this Honorable Court issue and order compelling the Defendant to produce the documents requested because he has a need for the documents to properly prosecute his claims alleging discrimination based upon disability and reprisal.

The following are the documents that the Plaintiff is requesting the Defendant produce to the Plaintiff:

**Documents requested in Exhibit A number 5 and 13 of notice of deposition to Karen Peckham:**

5. Any and all documents concerning or relating in any and all advertisements or job announcements for Housing Manager positions 1173 series that were opened from January 2001 through the present at Naval Station Newport.

13. Any and all documents that relates, concerns, refers to any and all hirings or promotions at the Naval Station Newport in the GS 1173 series from January 24, 2001 through the present.

**Response set forth in letter of Assistant US attorney dated May 8, 2006**: The available documents responsive to request number 5 and 13 have been collected. Some of the disclosures appear to be protected by the Privacy Act and hence are not subject to disclosure. I will remove the files and remove protected documents and forward the remainder of the documents to you this week.

**Request For Production of Document Number 11**: True and accurate copies of the resumes or curriculum vitae and other supporting documentation that were submitted by Mary Beth Oliviera and Jamie Theibault in support of their applications for housing manager positions that were awarded said persons in 1999.

**Response**: Defendant objects to this request because it seeks in formation which is protected by the Privacy Act, 5 USC Section 552a(b).

**Request for Production of Documents Number 13:.**

13. Any and all documents concerning or relating to any disciplinary action that was imposed by the Defendant upon Charles Silvia, Mary Silvia and/or Captain Ruth Cooper between January 1, 1999 and the present.

**Response**: _Defendant objects to this request because it seeks in formation which is protected by the Privacy Act, 5 USC Section 552a(b).

In support of the motion, the Plaintiff avers that it has a need for the documents requested to prove his case, and further relies upon the attached memorandum of law.

Plaintiff
By his attorney

**Joseph F. Hook., #5418**
294 Valley Road
Middletown, RI 02842
(401) 846-5200

CERTIFICATE OF SERVICE

I the undersigned certify that on this 26 day of June 2006, I mailed true copies of the within notice of deposition to Anthony DiGioia, Esq. the United States Attorney Office, 50 Kennedy Plaza, Providence, Rhode Island 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALAN BRADLEY<br>Plaintiff | : | |
| V. | : | CA 04-412ML |
| GORDON R. ENGLAND in his capacity<br>As Secretary of the Department of the<br>United States Navy<br>Defendant | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

**Introduction.**

The instant case was brought by the Plaintiff Alan Bradley alleging that the Defendant discriminated against him based upon his disabilities and reprisal when it cancelled two open housing manager positions in the Spring/summer of 2001. Pursuant to a settlement agreement dated January 24, 2001, that was reached between the Plaintiff and the Defendant concerning a prior EEOC complaint, the Defendant agreed to advertise Housing Manager positions in the 1173 series at the GS 7/9 level, and to afford the Plaintiff priority consideration for the positions. Prior to filling the positions, the Defendant rather than affording the Plaintiff priority consideration as required under the settlement agreement cancelled the positions in June of 2001. The Plaintiff alleges that the cancellation of the positions rather than filling the positions was purposeful

discrimination against him based upon his disability and reprisal for engaging in prior EEOC activity. In addition, the Plaintiff contends that the Defendant discriminated against him again in 2002 when it placed a Mr. Victor Ramsey in the position of Green Lane Housing Manager temporarily and did not afford the Plaintiff priority consideration for the position.

The prior complaint that led to the settlement alleged that the Plaintiff was discriminated over based upon his disabilities against when he was passed over for two housing manager positions in the fall of 1999 which were filled by Mary Beth Oliviera and Jamie Thibault.

**1. Documents requested in Exhibit A number 5 and 13 of notice of deposition to Karen Peckham:**

5. Any and all documents concerning or relating in any and all advertisements or job announcements for Housing Manager positions 1173 series that were opened from January 2001 through the present at Naval Station Newport.

13. Any and all documents that relates, concerns, refers to any and all hirings or promotions at the Naval Station Newport in the GS 1173 series from January 24, 2001 through the present.

**Response set forth in letter of Assistant US attorney dated May 8, 2006**: The available documents responsive to request number 5 and 13 have been collected. Some of the disclosures appear to be protected by the Privacy Act and hence are not subject to disclosure. I will remove the files and remove protected documents and forward the remainder of the documents to you this week.

Argument: The requested information is calculated to lead to admissible

evidence in as much as it is designed to glean information as to whether the Defendant's articulated reason for not filling the housing manager positions following a settlement agreement with Alan Bradley of was true or not. The Defendant contends in part that it had a legitimate business reason not to fill the Housing Manager positions which were in the GS 1173 series in the Spring/summer of 2001 and specifically alleges that did not fill Housing Manager positions because it was advised that not to hire any additional people into housing because it was undergoing a functionality assessment. Cooper Deposition at page 26.

The requested information set forth in no. 5 and 13 to of exhibit A to Karen Peckham's notice of deposition is designed to test whether any persons were hired or promoted in the 1173 series subsequent to the canceling of the Housing Manager positions and whether the articulated basis for canceling the positions was true.

2. **Request For Production of Document Number 11**: True and accurate copies of the resumes or curriculum vitae and other supporting documentation that were submitted by Mary Beth Oliviera and Jamie Theibault in support of their applications for housing manager positions that were awarded said persons in 1999.

**Response**: Defendant objects to this request because it seeks in formation which is protected by the Privacy Act, 5 USC Section 552a(b).

Argument: The underlying complaint brought by the Plaintiff that led to the settlement of January 24, 2001 alleged that the Plaintiff was discriminated against based upon his disabilities when he was passed over by Mary Beth Oliviera and Jamie Theibault for Housing Manager positions in the fall of 1999. The requested information is calculated to examine whether the persons who were selected over the Plaintiff had

qualifications superior to the Plaintiff for the positions they were selected for.

3. **Request for Production of Documents Number 13:.**

13. Any and all documents concerning or relating to any disciplinary action that was imposed by the Defendant upon Charles Silvia, Mary Silvia and/or Captain Ruth Cooper between January 1, 1999 and the present.

**Response**: Defendant objects to this request because it seeks in formation which is protected by the Privacy Act, 5 USC Section 552a(b).

Argument: The Plaintiff is requesting the above set forth information because it relates to the credibility of Charlie Silvia and Captain Ruth Cooper who were the persons who participated in the decision to cancel the Housing Manager positions in the Spring of 2001, and who have testified as to the Defendant's business reason for canceling the positions in the Spring of 2001. In addition, Charlie Silvia also was the person who hired Victor Ramsey in 2002 on a temporary basis to fulfill the position of Green Lane Housing Manager.

Wherefore, the Plaintiff prays that this Honorable Court order the Defendant to produce to the Plaintiff the documents requested above.

Plaintiff
By his attorney

**Joseph F. Hook., #5418**
294 Valley Road
Middletown, RI 02842
(401) 846-5200

CERTIFICATE OF SERVICE

I the undersigned certify that on this 22 day of June 2006, I mailed true copies of the within motion to Anthony DiGioia, Esq. the United States Attorney Office, 50 Kennedy Plaza, Providence, Rhode Island 02903.