# EXHIBIT A

1. Any and all job descriptions, SF-52, and any other document that refers to any and all jobs held by Alan Bradley while employed by the Defendant from 1985 through the present.

2. All Performance Appraisals concerning Alan Bradley from 1985 through the present.

3. Any and applications for employment/promotion made by Alan Bradley with the Defendant from 1985 through the present.

4. Any and all documents that relate to the promotion, reassignment, placement of Victor Ramsey to the position of Green Lane Housing Manager in 2002.

5. Any and all documents concerning or relating to any and all advertisements or job announcements for Housing Manager positions 1173 series that were opened from January 2001 through the present at Naval Station Newport.

6. Any and all documents memorandum, notes that relate, concern or describe any and all disabilities or physical limitations that the Plaintiff Alan Bradley placed upon himself, or ordered by his physician or ordered or recommended by an agent or employee of the Defendant.

7. All documents that relate or concern the pay and benefits received Alan Bradley in his position as a GS-6 supply tech from 2000-through the present.

8. All documents concerning the pay and benefits received by the Jamie Thibault and Mary Beth Oliviera concerning the pay they received in their positions of Housing Managers from 1999-present.

9. All documents concerning the pay and benefits reconceived by the Jamie Thibault and Mary Beth Oliviera concerning the pay they received in their positions held since the MEO of 2004.

10. All documents reviewed and considered by the Defendant in placing the Plaintiff to the position of WG-5 Dispatcher under the Most Efficient Organization program conducted by the Defendant in 2004, including but not limited, the plaintiff's resume, performance evaluations, recommendations, negative recommendations, and any other documents, that were used to evaluate the Plaintiff in that MEO process conducted in 2004.

11. Any and all documents concerning any disciplinary action taken by the Defendant against the Plaintiff whether formal or informal from 1985 through the present.

12. Copies of any and all correspondence, memoranda, notes or any other documents that concerns or relates to the cancellation of any job openings or vacancies in the GS 1173 series at Naval Station Newport from January 24, 2001 through the present, including but not limited to correspondence from Charles Silvia or Captain Ruth Cooper.

13. Any and documents that relates, concerns, refers to any and all hirings or promotions at the Naval Station Newport in the GS 1173 series from January 24, 2001 through the present.

14. Any and all documents, notes memoranda that refer to any prohibition/restriction on Alan Bradley's use of a motor vehicle in his employment at the Naval Station Newport.

15. Any and all documents, memoranda or notes that refer or relate to any motor vehicle accident[s] or

epileptic seizure[s] that the Defendant documented that occurred while the Plaintiff was employed by the Defendant at any time.

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001
CIVIL FAX (401) 709-5017

January 18, 2006

Joseph H. Hook, Esq.
294 Valley Road
Middletown, Rhode Island 02842

Re: Bradley v. Arnold
C.A. 04-412ML
VIA fax and regular mail 401/848-0984

Dear Joe:

This is in response to Exhibit A to the Amended Deposition subpoena issued to Karen Peckham, which we agreed to treat as a request for production. Having met with representatives of the Defendant, please be advised as follows:

1. With respect to requests 1, 2, 4, 11, 12, any such documents still maintained by the Defendant have already been produced.

2. With respect to request number 3, the Defendant has already produced applications for employment/promotion made by Mr. Bradley with respect to the jobs Mr. Bradley had with the Defendant. The Defendant does not maintain copies of these documents for jobs for which Mr. Bradley applied but did not obtain.

3. The documents which are the subject of request number 5 are not maintained locally. We will contact the HR Servicing Center in Philadelphia to see if they have maintained them.

4. The payroll documents requested in requests numbers 7, 8 and 9 are not maintained by the Defendant. They may be subpoenaed from the Defense Finance Accounting Service, Room 2923 (ZGT), 1240 East 9th Street, Cleveland, Ohio 44199. However, the documents relating to Mary Beth Oliveira and Jamie Thibeault are protected by the Privacy Act and cannot be produced by DFAS.

5. Your request number 10 seeks documents which are the subject of a pending EEO complaint brought by Mr. Bradley. It is our understanding that you represent Mr. Bradley in that matter. They must therefore be obtained through the pending matter.

6. Enclosed are three e-mails relating to the cancellation of the housing manager positions. I do not know if they were previously produced, but provide them in the event they were not. All other materials relating to this issue have been produced.

7. We are looking to see if the Defendant has any records responsive to request number 15, and will produce them within two weeks if they exist.

8. Finally, there are no documents responsive to request number 14 which has not already been produced.

As indicated above, we expect to be able to produce what we have within the next two weeks. As you know, Anthony DiGioia will be following up on this case. Please contact him to arrange for mutually convenient deposition dates.

Sincerely,

ROBERT CLARK CORRENTE
United States Attorney

Lisa Dinerman
Assistant United States Attorney

cc: Barbara Dragowski
Anthony DiGioia

U.S. Department of Justice

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001
CIVIL FAX (401) 709-5017

May 8, 2006

Joseph F. Hook, Esq.
294 Valley Road
Middletown, RI 02842

Re: Bradley v. England, CA 04-412ML

Dear Joe:

Prior to Karen Peckham's deposition, we discussed the documents that you had requested in a schedule A attached to the notice of deposition. You explained that Lisa Dinnerman had agreed to treat that as a Request for Production of documents and that the documents had been produced. This is a further response to Attachment A.

1. The available documents responsive to requests number 5 and 13 have been collected. Some of those documents appear to be protected by the Privacy Act and hence not subject to disclosure. I will review the files and remove protected documents and forward the remainder of the documents to you this week.

2. I am forwarding herewith documents responsive to request number 7.

3. All documents responsive to request number 15 have previously been produced. May I also refer you to the July 31, 2000 EEO Counselor Report, which you already have. That report refers to a seizure your client claims to have had on the job.

Sincerely,

ROBERT CLARK CORRENTE
United States Attorney

ANTHONY C. DIGIOIA
Assistant U.S. Attorney

Enclosures
ACD/nad

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALAN BRADLEY, | : | |
| Plaintiff, | : | |
| v. | : | CA No. 04-412ML |
| GORDON R. ENGLAND, Secretary of the United States Department of the Navy, | : | |
| Defendant. | : | |

DEFENDANT'S RESPONSES TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

Plaintiff Alan Bradley's entire personnel file.

**RESPONSE:**

This information was furnished to Plaintiff on or about July 22, 2005 and is found under "Tab A".

**REQUEST NO. 2:**

All documents, memoranda, notes, e-mails, or other correspondence that refer to the Plaintiff Alan Bradley from the date of his employment with the Defendant commenced to the present.

**RESPONSE:**

Defendant objects to this request because it overbroad (seeks information potentially unrelated and irrelevant to the instant action) and/or is unduly vague (i.e. failing to specify the relevant time period implicated by the request) and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has been employed by the Navy since 1985, and has worked in several different departments to include the Housing Division, Maintenance Control Division, Supply Operations Division, Facilities Support and Contract Division, and

Base Operations Division. It would be extremely burdensome for the Defendant to attempt to research all of its records in the various departments that Plaintiff worked in to respond to this request. In addition, the request seeks information which may be governed by the attorney-client privilege or the Privacy Act.

However, preserving the noted objections, Defendant produces herein documents Bates Stamped D-00775 through D-00876, which contains those e-mails located by Defendant.

**REQUEST NO. 3**:

All job descriptions for Housing Manager positions at the Naval Station Newport from 1999 through the present.

**RESPONSE:**

This information was furnished to Plaintiff on or about July 22, 2005 and is found under "Tab G".

**REQUEST NO. 4**:

All performance evaluations concerning Alan Bradley concerning his employment at Naval Station in Newport, Rhode Island from the date of his employment with the Defendant commenced to the present.

**RESPONSE:**

This information was furnished to Plaintiff on or about July 22, 2005 and is found under "Tabs D and F ".

**REQUEST NO. 5**:

Any and all correspondence, whether in handwriting, e-mail, formal or informal, from any employee of the Defendant concerning or referring to the Plaintiff Alan Bradley at any time during his employment with the Defendant.

**RESPONSE:**

Defendant objects to this response as overbroad (seeks information potentially unrelated and irrelevant to the instant action) unduly vague (i.e. failing to specify the relevant time period implicated by the request), and overly burdensome. Plaintiff has been employed by the Navy since 1985, and has worked in several different departments to include the Housing Division, Maintenance Control Division, Supply Operations Division, Facilities Support and Contract Division, and Base Operations Division. It would be extremely burdensome for the Defendant to attempt to research all of its records in the various departments that Plaintiff worked in to respond to this request. In addition, the request seeks documents which are governed by the attorney-client privilege and/or the Right to Privacy Act.

Without waiving these objections, Defendant produces herein documents Bates Stamped D-00775 through D-00876, which contain the responsive documents located by Defendant.

**REQUEST NO. 6:**

All documents that the Defendant intends to introduce into evidence or to use in any way at trial in this case.

**RESPONSE:**

The Defendant has not yet identified all documents it intends to introduce into evidence or to use in any way at trial in this case. Plaintiff may seek to introduce any or all documents produced to Plaintiff.

**REQUEST NO. 7:**

All documents identified or relied upon in responding to Plaintiff's first set of interrogatories propounded upon the Defendant.

**RESPONSE:**

All such documents have been produced, either with Defendant's production of July 22, 2005, or herewith.

**REQUEST NO. 8:**

Copies of all witness statements whether signed or unsigned relating to the allegations contained in Plaintiff's complaint.

**RESPONSE:**

Defendant objects to this request insofar as it seeks attorney-client work product and/or documents subject to the attorney-client privilege. Without waiving this objection, see Office of Complaints Investigation Investigative File dated 23 Sep 02, "Tab F", previously furnished to Plaintiff on or about July 22, 2005.

**REQUEST NO. 9**:

Any writing created by the Defendant or any agent or employee of the Defendant which relate in any way to the allegations set forth in Plaintiff's complaint.

**RESPONSE:**

Defendant objects to this request as overbroad and unduly vague (i.e. calls for the Defendant to speculate on what "relates in any way to Plaintiff's allegations") and/or seeking information subject to the attorney/client privilege and the work product doctrine.

However, preserving the noted objection, non-privileged documents have been produced herewith, as well as with the documents forwarded to counsel on July 22, 2005.

**REQUEST NO. 10**:

Copies of any and all documents or writings that relate to or concern the cancellation of the housing manager positions that were vacated in the spring/summer of 2001 that is the subject of this litigation.

**RESPONSE:**

Defendant objects to this request as overbroad and unduly vague (i.e. calls for the Defendant to speculate on what "relates to or concerns") and not reasonably calculated to lead to the discovery of admissible evidence.

However, preserving the noted objection, see the following attachments: Office of Complaints Investigation Investigative File dated 23 Sep 02, "Tab F" previously furnished to Plaintiff on July 22, 2005 and documents included in this production, Bates Stamped numbers D00551 through 841.

**REQUEST NO. 11**:

True and accurate copies of the resumes or curriculum vitae and other supporting documentation that were submitted by Mary Beth Oliveira and Jamie Theibault in support of their applications for the housing manager positions that were awarded to said persons in 1999.

**RESPONSE:**

Defendant objects to this request as it seeks information which is protected by the Privacy Act, 5 USC Section 552a(b).

**REQUEST NO. 12**:

Copies of any and all documents, correspondence, notes that refer or relate in any way to the assignment of Victor Ramsey as the Green Lane Housing Manager in 2002.

**RESPONSE:**

Defendant objects to this request as overbroad and unduly vague (i.e. calls for the Defendant to speculate on what "relates to") and is not reasonably calculated to lead to the discovery of admissible evidence.

However, preserving the noted objection, see the following attachments: Office of Complaints Investigation Investigative File dated 23 Sep 02, "Tab F", and documents produced herewith.

**REQUEST NO. 13**:

Any and all documents concerning or relating to any disciplinary action that was imposed by the Defendant upon Charles Silvia, Mary Silvia and/or Captain Ruth Cooper between January 1, 1999 and the present.

**RESPONSE:**

Defendant objects to this request as it seeks information that is unrelated and irrelevant to the instant action and therefore is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, this information is protected by the Privacy Act, 5 U.S.C. Sec. 552a(b).

Without waiving this objection, there are no such documents.

**REQUEST NO. 14**:

Copies of all "Most Efficient Organization" proposals submitted by the "Public Works" Department to the Defendant its agents or employees during the years 2004 and 2005.

**RESPONSE:**

See document contained at pages D-00551-00774, produced herewith.

**REQUEST NO. 15**:

Copies of all "Most Efficient Organization" proposals submitted by the "Housing" Department to the Defendant its agents or employees during the years 2004 and 2005.

**RESPONSE:**

There are no documents responsive to this request.

Respectfully submitted,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

LISA DINERMAN (Bar #2689)
Assistant United States Attorney
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401 709-5000
401 709-5017 (Fax)

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon counsel for the plaintiff, Joseph F. Hook, Esq., 294 Valley Road, Middletown, RI 02842 via Federal Express, this 29th day of August, 2005.