IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RECEIVED JUL ... U.S. District Court District of Rhode Island

| | | |
|---|---|---|
| ALAN BRADLEY,<br><br>Plaintiff,<br><br>v.<br><br>GORDON R. ENGLAND, Secretary of the United States Department of the Navy,<br><br>Defendant. | ) | C.A. No. 04-412ML |

**PROTECTIVE ORDER**

The parties have jointly requested the Court to enter a Protective Order. Based on that request, the Court hereby ORDERS as follows:

1. This Protective Order governs the pretrial use of information protected by the Privacy Act. Any use of the materials at trial must be ordered by the Court separately at a time prior to trial.

2. Pursuant to this Order the parties may disclose materials they believe to be protected by the Privacy Act in accordance with the terms and procedures set forth herein. This Order is not intended to resolve all Privacy Act issues which may arise in the course of this litigation. The parties retain the right to raise Privacy Act objections to the disclosure of specific documents. Any such objections which are not resolved by the parties informally may be presented to the Court for its resolution. Nothing in this Order shall be deemed a waiver of any Privacy Act objection or any other objection a party may make in response to a specific request, interrogatory, or other discovery request. Additionally, this order shall not affect any prior

violations of the Privacy Act that may have occurred. No party shall offer either this Order or the Joint Motion for a Protective Order in any hearing or forum considering whether any events occurring before the entry of this Order violate the Privacy Act;

3. The parties shall mark any document they produce which they believe contains information subject to the Privacy Act as "Confidential" (hereafter "Confidential Information"). Before the parties disclose any Confidential Information to any person, such person shall have read a copy of this Protective Order, and must sign a Stipulation acknowledging that they understand the Order and will abide by it. A copy of the Stipulation to be used is attached hereto. No person, including the parties and their attorneys, who has access to Confidential Information shall disclose such information to any person except for purposes of this litigation, and such information shall be used only for purposes of this litigation;

4. The substance of Confidential Information shall not be distributed or otherwise disclosed except as provided herein;

5. The parties and any person retained by them in connection with this litigation may be permitted access to Confidential Information. However, such documents and information remain subject to objections raised by the parties under the Federal Rules of Civil Procedure, and no such objections are either waived or addressed by this Order;

6. Persons who have access to Confidential Information shall, pursuant to the provisions of the Privacy Act, follow procedures sufficient to prevent any disclosure of information that would constitute an unwarranted invasion of personal privacy while such information is in their custody. Specifically, such persons shall control and supervise the documents and information derived from them to prevent unauthorized or accidental disclosure of personal information. No

person with access to Confidential Information may disclose such information other than as provided herein nor may any person extract such information from these documents and retain it for any other uses, including other litigation or administrative proceedings;

7. To the extent that any deposition testimony concerns Confidential Information, the parties, their agents, and counsel for the parties, shall designate upon review of the transcript, the portion(s) of the transcript which disclose(s) Confidential Information as "Confidential" by marking each page "Confidential" and by noting on the cover of the deposition all pages so marked, and such testimony shall not be distributed or otherwise conveyed to anyone except as provided herein;

8. The parties may mark and otherwise use Confidential Information as exhibits during the course of depositions to the extent necessary; including by displaying such documents to deponents upon expressly informing the deponent that personal information contained therein shall be kept confidential; and by questioning deponents concerning such documents. To the extent that any of the documents containing Confidential Information are used as exhibits or otherwise referred to during depositions, those exhibits and those portions of the deposition transcripts referring to the exhibits shall be designated as "Confidential", and any party filing such documents or testimony may move to impound the Confidential portion thereof, except as otherwise ordered by the Court;

9. The Court and the parties shall address the use at trial of Confidential Information at an appropriate time before trial;

10. Within 60 days of entry of judgment in this matter, the parties shall return to the counsel who made the disclosure, all documents containing Confidential Information produced

by the parties, and all deposition transcripts designated as Confidential pursuant to this Protective Order;

11. To the extent that either party wishes to modify or clarify any provision of this Order, or seek relief from any of its provisions, such party may move the Court for the requested relief;

12. This Order constitutes an exemption to the provisions of the Privacy Act of 1974 as embodied in 5 U.S.C. §552(b)(11) concerning the disclosure of such records; and

13. The parties to the above captioned matter shall be bound by the terms of this Order upon execution by the Court.

Dated:________________________

____________________________

U.S. District Court