UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

ALAN BRADLEY
Plaintiff

CA 04-412ML

GORDON R. ENGLAND
Secretary of the US Navy
Defendant

PLAINTIFF ALAN BRADLEY'S AFFIDAVIT IN OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Now comes Alan Bradley the Plaintiff in the above captioned matter who does state under oath, and under the pains and penalties of perjury as follows:

1. My name is Alan Bradley, and I am the Plaintiff in the above captioned matter.

2. I have been employed by the Department of the Navy at Naval Station Newport, since 1985. I received a Bachelor of Science degree in architectural engineering degree from Roger Williams University in 1983. I was employed as an assistant Housing Manager at the GS-5 level from the late 1980s to the mid 1990s. This was a career ladder position. My position was changed in the mid 1990s to that of a Supply Technician in Housing.

3. Since birth I have had a partially paralyzed right arm. Since my childhood I have had epilepsy, a seizure disorder. In the late 1980s I was involved in a motor vehicle accident on Naval Base in Newport which was caused as a result of a seizure that I had which caused me to black out.

4. Following this accident, I was prohibited from operating a motor vehicle on base. However, I continued to hold a drivers license.

5. I have attempted to get back into the career ladder position in Housing Management and applied for two vacant positions in 1999. However, I was not selected for either of the position. I was removed from the Housing department in March of 2000, at which time I filed an Equal Employment Activity complaint. I entered a settlement agreement concerning that EEOC complaint with the Navy which was signed by Captain Ruth Cooper in January of 2001. Pursuant to this agreement I was to afforded priority consideration for the next vacant Housing Manager positions. I was aware at the time of the settlement that there was going to be

retirements that would lead to vacancies in Housing Management. In the Spring of 2001 there were two vacancies for Housing Manager positions, and applied for them. However, I did not get the position at that time.

6. On July 12, 2001, Captain Cooper met with me and James Alan the union representative, and other applicants for the GS 7/9 Housing Manager positions. We were advised by Captain Cooper that the positions were going out to contract. At this meeting I spoke to Captain Cooper about the settlement agreement that I had made with her concerning affording me priority consideration for the vacant Housing Management Positions. At this meeting Captain Cooper advised me that she was still thinking about placing me in housing.

7. On July 23, 2001, Captain Cooper again met with and James Alan. At this meeting Captain Cooper told me that there was a possibility of a Reduction in Force and that if the I were placed in housing that he I could loose my job as a consequence of a reduction in force. At this meeting, I told Captain Cooper that I nevertheless wanted the Assistant Housing Manager position.

8. On September 21, 2001, the I filed a formal complaint with the EEOC DON 01-32411-003. In this complaint I alleged that the Defendant breached the terms of the January 24, 2001 settlement agreement inasmuch as it failed to afford me priority consideration for the vacant housing manager positions, and that the failure to fill the positions with permanent government employees, was a result of discrimination based upon my disabilities of epilepsy and right arm paralysis. In addition I alleged that the failure to fill the positions was reprisal for my prior EEOC activity.

9. In May of 2002 an additional Housing Manager Assistant became vacant because a Laurie Bowers, who held a Housing Manager Assistant position took another job elsewhere with the Navy.

10. When I learned of the placement of Victor Ramsey into the position of Green Lane Housing Manager I had my attorney contact Captain Ruth Cooper to advise her in writing that the terms of my settlement agreement were breached because I was not afforded priority consideration for the position in which Mr. Ramsey was detailed.

11. I did not meet with Captain Cooper at any time subsequent to our meetings in July of 2001.

12. In November of 2002, a position of GS 1173 Housing Management Assistant was posted and advertised at Naval Station Newport. I applied for that position on November 20, 2002. However, that recruitment was then cancelled the day after I applied for the position on November 21, 2002. Attached hereto, and marked exhibit 1 is a true copy of e-mail correspondence that I received from Dennis Pucello from HRO in Groton noticing the advertisement of the position on November 20, 2002, and cancelling the position on November

21, 2002.

13. In late 2004 the Navy abolished my position as a Supply Technician in Public Works, and I was downgraded to the position of WG 5 dispatcher. The defendant has advised me that this was because of a RIF and that only position that I was qualified for and eligible to receive based on my tenure was that of the WG 5 dispatcher.

Alan Bradley

Subscribed and sworn before me on this 10th day of October 2006.

Notary Public: ________________
My Commission Expires: 8/31/10

CERTIFICATE OF SERVICE

I the undersigned certify that on this 11th of October , I e-mailed true copy of the within affidavit law to Anthony DiGioia, Esq, Assistant US Attorney at anthony.digio@usdoj.gov

/s/ Joseph F. Hook

**Bradley, Alan GS (NSNPT N332A)**

**From:** Pucello, Dennis (HRO Groton CT)
**Sent:** Thursday, November 21, 2002 11:25 AM
**To:** DLNSNPTALLHAND - ALL NAVSTANPT
**Subject:** FW: Vacancy Announcement

To All: Announcement #DE-gro-02-0960 NR ahs been cancelled.

Dennis L Pucello/Site Manager

-----Original Message-----
**From:** Pucello, Dennis (HRO Groton CT)
**Sent:** Wednesday, November 20, 2002 7:52 AM
**To:** DLNSNPTALLHAND - ALL NAVSTANPT
**Subject:** Vacancy Announcement

Naval Station employees who are interested in applying for the position of Housing management Assistant GS-1173-07 should access www.donhr.navy.mil to review the vacancy announcement. Applications should be submitted following the procedures in Vacancy Announcement DE-GRO-02-0960 NR. If you have any questions please contact Dennis L Pucello at DSN 948-2150

Exhibit 1

1

# AFFIDAVIT

RECD SEP 12 2002

State of Rhode Island
County of Newport

I, **ALAN BRADLEY**, *make the following statement under oath or affirmation. Pursuant to Public Law 93-579 (Privacy Act of 1974), as an individual supplying information for inclusion in a system of records, I have been informed of the following:*

*EFFECT OF NONDISCLOSURE: Disclosure of information by me is voluntary, however, I realize my failure to respond could result in a recommended disposition of the case on the basis of information available. Witnesses who are Department of Defense employees may be subject to administrative action for failure to testify.*

*AUTHORITY: The authority to collect the information requested by this interview is derived from one or more of the following: Title 5, Code of Federal Regulations, Sections 5.2 and 5.3: Title 5, United States Code, Sections 1302, 1303, 1304, 3301, and 3302; Executive Order 11478, as amended, Executive Order 10577; and 29 CFR Part 1614.*

*PURPOSE AND SCOPE: The information supplied will be used as part of the record in an equal employment opportunity discrimination complaint or grievance investigation. The record will be furnished to designees of agencies and departments of the Federal Government in order to resolve the complaint or grievance. The record may also be disclosed to any agency of the Federal Government having oversight or review authority with regard to Office of Personnel Management or Department of Defense activities, to the Federal intelligence agencies, or others, as published in the Federal Register.*

Q. Are you represented in this complaint? If so, is your representative present?

R. I have designated an attorney, Joseph F. Hook, as my representative, and he is present with me as I provide my affidavit.

**Current Position**: Supply Technician, GS-2005-06

**Organization**: Public Works Department, Naval Station Newport, Rhode Island

**Inclusive Dates of Current Assignment**: I have been a Supply Technician in Public Works from March 2000 to present. Prior to that, I was a Supply Technician in Housing Maintenance.

**Supervisor**: Robert Yeagle for one month. I was under Richard Evans from 2000 until a month ago.

Q. Who was your supervisor in Housing?



Affiant's Initials A.B.

R. Charles Silvia.

Q, What is the protected Title VII activity that forms the basis of your allegation of reprisal, e.g., complaint, witness?

R. I filed a prior EEO complaint on July 12, 2000.

Q. What was the issue of that complaint?

R. My complaint concerned my transfer from Housing, Building 47, to Public Works, Building A63. I also alleged in that complaint that I was discriminated against based on my disability when I applied for two Housing Manager positions, and two employees without disabilities were hired. Management stated that the reason I was not selected was because I can not drive CAUSING ME TO BE THE ONLY GS EMPLOYEE TO LATER BE TRANSFERRED TO PUBLIC WORKS WHILE ALL OTHER GS EMPLOYEES IN HOUSING WERE ALLOWED TO STAY AND ADVANCE IN THAT DEPARTMENT.

Q. Was the Housing Manager, Charles Silvia, involved in and/or aware of that complaint?

R. HE WAS AWARE OF MY COMPLAINT BUT NOT INVOLVED IN THE RESOLUTION

Q. Who was the agency official involved in that complaint?

R. Edward Jankowski.

Q. Was CAPT Ruth Cooper involved in and/or aware of that complaint?

R. She became involved in efforts to resolve that complaint.

Q. What is the status of your prior complaint?

R. The complaint was settled in January 2001.

Q. It appears from your allegations that you are claiming that the agency did not fulfill the terms of your prior settlement agreement. Is that correct?

R. Yes.

Q. How do you believe the agency breached that agreement?

R. My settlement agreement contained two provisions: the Agency agreed to announce the Housing Manager position as a GS-1173-07/09. They also agreed to give me priority consideration. In late January, two Housing Manager positions became vacant when the prior employees retired. Those employees were Thomas Wilson and Robert Correale. At the time I



Affiant's Initials A. B.

entered into the settlement agreement, I was aware that these two individuals were retiring, so I had an expectation there would be vacancies filled when I entered into the agreement. On May 3, 2001, the agency announced the two Housing Manager positions as GS-1173-07/09. I applied for the positions, and I was waiting for the results of my application. I qualify for the GS-1173-07 positions based on experience and education.

Q. Did the Navy interview you for those positions?

R. No.

Q. Did the Navy consider you for the position?

R. No.

Q. How did you find out you were not considered?

R. CAPT Cooper held a meeting in early July 2001 with myself and six other candidates. I believe I was notified of the meeting by Mr James Allen. During the meeting, CAPT Cooper announced that they were terminating the vacancy announcement. She stated that there is a possibility of the positions going contract, so she did not want to fill those positions.

Q. Did you question CAPT Cooper during that meeting?

R. I asked her what about my settlement. Her response was she could not talk to me then, and would talk to me in private. She subsequently set up a meeting with me and Mr James Allen in her office. In that meeting, she told me she was sorry she could not fill the position now. She said she was still thinking of possibly letting me go into the office at that time. I waited to see get her decision, and she later informed me through Mr Allen that she decided not to fill the position.

Q. Did you file a breach of settlement agreement appeal with the Equal Employment Opportunity Commission, Office of Federal Operations? If so, what is the status of your appeal?

R. Yes. I first met with Mr Ernie Signorenio. I told them I was claiming a breach of settlement and I filled out a new EEO complaint. I set forth the reasons I felt I was not considered for the position. Thereafter, the Navy dismissed my EEOC complaint alleging I did not comply with Appendix B of the Navy Complaints Processing Manual. I appealed that decision, and EEOC sustained my appeal and remanded the complaint. It is my position that the Navy breached the terms of my agreement.

In the Spring of 2002, I was notified that another Housing Manager position was going to open. The person leaving the position, Laurie Bower, was transferring to another position, and she sent me an email telling me she was leaving and the position was going to be vacant. I sent Capt



Affiant's Initials A. B.

Cooper a letter through my attorney requesting consideration for the position. I got an email response saying she would get back to me later through Mr Knowles.

To my knowledge, the Navy never advertised that position. I know that Mr Victor Ramsey has been detailed to that position for 190 days. Mr Ramsey is a Housing Facilities employee, but he has never been in Housing Management. I worked with Mr Ramsey for almost two years prior to Housing Maintenance being transferred to Public Works. I was a GS-6 at the time, and he was a WG-10 Pipefitter. I was never given consideration for that job.

I have a copy of an email dated May 28, 2002, from Mr Charles Silvia making people aware that Mr Ramsey would be transferred temporarily to the Green Lane Housing Manager position. That is the position I expressed interest in filling. My settlement agreement will be within a month of expiration when Mr Ramsey's detail ends. I believe that the agency placed Mr Ramsey in the position to perform the duties until my settlement agreement expires, which is January 2003. I have also filed a notice to OFO alleging that this action is another breach of my settlement agreement. OFO did not treat this as a separate incident, and I will provide a copy of the OFO correspondence.

Q. Are you claiming that you are a person with a disability?

R. Yes.

Q. What is your disability?

R. Epilepsy, blind right eye, and disformed right arm.

Q. When were you first diagnosed with your medical condition?

R. I was diagnosed with epilepsy in 1973. I have had my blindness and disformed right arm conditions since birth.

Q. Does your medical condition impact upon any of your major life activities, such as walking, standing, sitting, bending, lifting, seeing, hearing, performing manual tasks, caring for yourself, thinking, interacting with others, concentrating, or any other major life activity?

R. My sight is impacted, but I still have some vision in my right eye and full vision in my left eye. I can not lift my right arm over my head, but am able to compensate for that limitation. I have a driver's license, but I do not drive. I have always proposed to the Housing Management that I could be placed in one particular housing area during the day to perform my duties, which would preclude me having to drive.

With my epilepsy, I may have petite mal seizures. I average having a seizures every two months or so. It occurs for less than a minute. The only obvious symptom is I may stare for a minute,

 Affiant's Initials A. B

but it does not prevent me from performing my current duties or the duties of Housing Manager, which I performed in the past.

Q. What are your current limitations, if any?

R. I require a work environment with some natural lighting, which housing provides.

Q. Do you take medications for your condition?

R. Yes. Dilantin.

Q. Are there any side-effects caused by the medications? If so, please describe them.

R. None.

Q. Are you currently under the care of a physician for your condition?

R. Yes.

Q. How often do you seek medical attention for your condition?

R. I have periodic blood tests to renew my prescriptions.

Q. Can you perform the full range of your current duties and responsibilities?

R. Yes and I have demonstrated that I can.

Q. Does your medical condition have any impact on your ability to attend work regularly?

R. Not at all.

Q. Are you prevented from working in any types and/or levels of positions because of your medical condition? If so, please explain which ones and why you are prevented from working in those positions.

R. I do not work in positions around machinery due to the epilepsy.

Q. Are you claiming disparate treatment, e.g., management treats you less favorably than individuals who do not suffer from your disability. If so, in what way?

R. Yes. They constantly deny me in my ability to advance in a department I have worked in from 1985 to 2000. From 1985 to 1990, my position was considered in Housing Referral. In 1990 to 1994, my position was Assistant Housing Manager. In 1994, I was transferred to a



Affiant's Initials A. R.

Supply Technician. In 2000, I was transferred to Public Works Department. I applied numerous times for Housing Manager positions, and was not selected.

In my prior complaint, I alleged that I was discriminated against based on disability when I was not selected for two housing manager positions. The stated reason for my nonselection was that I could not drive. William Murphy, a Housing Manager GS-07, and Robert Correale both told me the reason I was not selected was I could not drive, and CAPT Cooper stated in writing that I was disqualified because of my driving. I have always tried to provide management options to accommodate my choice not to drive. The reason I do not drive is I am concerned should I have a seizure, I could get into an accident and injure myself or someone else.

Managers are assigned to a certain area, but at times they could be required to help in other areas. The only thing I would not be able to do is drive from one point to another. I would have to get a ride or find my own way. They have two housing managers at each location, and I believe it would not be a hardship to get a ride, if needed, or to have the other manager attend to that emergency, and I could maintain responsibility for the assigned area. I have conducted housing inspections in all areas of the base assisting another manager. The reason for not hiring me – ability to drive—is not an essential job duty and discriminates against me based on my disability.

I have a college degree and additional training. I get good performance ratings, which I will provide.

Q. Why do you believe management reprised against you?

R. This is not the first discrimination complaint I have filed. I have filed complaints previously in situations when I was not hired. I think they did not fill the position to get back at me for filing complaints.

Q. Has anyone ever said anything to you that causes you to think they are angry or upset with you for filing a complaint?

R. I do not have anything in writing, but it is my perception there is animosity because of my complaints..

Q. Do you have anything further to add at this time?

R. I want to distinguish there are two elements to my case. The first aspect is my claim that the terms of my settlement were breached as I discussed above. The second aspect is the recurring and continual discrimination based on my disability due to ability to drive. They continually select and hire people with less education and experience in Housing Management. In 1999, the two people hired above me had less experience than myself. Those individuals were Mary Beth ~~Alavera~~ OLIVEIRA, an Assignment Clerk, GS-05, who never work in Housing Management, and ASSIGNMENT



Affiant's Initials A. B.

115

THIBEAULT
Jyme ~~Diebalt,~~ the Director's secretary. I could go on and on with a list of less qualified people who were hired above me.

*END OF STATEMENT*

*I have been afforded the opportunity to provide information relevant to the issues. I have nothing further to add to my affidavit.*

*I have read the above statement consisting of _7_ pages and it is true and complete to the best of my knowledge and belief. I understand that the information I have given is not considered confidential and that it may be shown to the interested parties.*

Subscribed and sworn before me
at: Naval Station Newport,
Newport, Rhode Island,
on this 16th day of August 2002.

Terry Calcutt
**TERRY CALCUTT**
Investigator

Alan Bradley
**ALAN BRADLEY**
Affiant



Affiant's Initials A. B

116