At the time, I knew we had an open recruitment for two GS-1173 positions. We had not received a referral at that time. We decided to cancel the recruitment, rather than fill the positions and create a future RIF situation.

Q. At the time you canceled the recruitment, did you know that Mr Bradley applied for the position?

R. I did not know, but I was going on the assumption that he had applied.

Q. What did you do after you canceled the recruitment?

R. I heard there were employees from the Command who had applied. I canceled the recruitment on June 21, 2001. Since we did not have a certificate and had no way of knowing who had applied, I asked Karen Peckham to get the word out that I was going to meet with the applicants to explain why the recruitment was canceled. I met with about six people who had applied, including Mr Bradley. Mr Jim Allen, the AFGE Representative, was present as well. The meeting occurred on or about July 10, 2001.

I explained that we had received a briefing that showed us some of the 1173 billets could potentially eliminated within a year. I told them until I knew what was going on, I did not want to fill the positions and create a situation where an employee who was currently in a valid billet would go into a billet that might be eliminated.

Q. Were the applicants receptive to your explanation?

R. All but Mr Bradley. Mr Bradley wanted to discuss his EEO complaint, and I said let's discuss that separately with you and Mr Allen after the meeting. I met with Mr Bradley after the meeting and explained the whole thing again. Mr Bradley made allegations that I canceled the recruitment to get out of the settlement. I assured him that had nothing to do with it. He accused me of using this advertisement as a ploy in order to meet the terms of the agreement. His accusation was that I would ~~not~~ consider his agreement to be null and void. I told him absolutely not. I considered his settlement agreement to be current and valid, and if I advertised in a month or year, I considered the agreement valid.

Q. Did the agreement have a time limitation?

R. Two years, which takes it through January 2003. In an effort to resolve his complaint, I offered to cut another agreement and extend the terms for another two years. I did this in an effort to assure him that I did not cancel the recruitment in an attempt to invalidate his agreement.

Q. Why couldn't you fill the position either temporarily?



Affiant's Initials ______

R. I looked into that and had discussions with Karen Peckham about that. Mr Bradley is in Public Works, which is undergoing an A76 study for contracting out. If we moved Mr Bradley out of that billet, we would lose that billet for Public Works. If Mr Bradley were placed in Housing on a temporary hire and his permanent billet were eliminated by the A76 study, he could be left without a billet.

Q. What is the current status of Housing positions?

R. This past Spring, the Chief of Naval Operations put out a formal hiring freeze on all 1173 billets.

Q. Who has been performing the duties of the housing positions over the past year?

R. We hired contractors to perform those duties. They are temporary employees outside the federal system. We have the option of terminating them when this situation is resolved.

Q. Did you have any involvement in a recent action to detail Mr Victor Ramsey to a Housing Manager position?

R. No.

Q. Was Mr Bradley's medical condition a factor in your decision to cancel the announcement for the Housing Manager position?

R. Absolutely not..

Q. Were his prior EEO complaint or settlement a factor?

R. No.

Q. Did you personally discriminate against Mr Bradley?

R. No.

Q. Do you have any knowledge anyone else discriminated against him?

R.

Q. Do you have anything further to add at this time?

R. No.



Affiant's Initials_______

*END OF STATEMENT*

*I have been afforded the opportunity to provide information relevant to the issues. I have nothing further to add to my affidavit.*

*I have read the above statement consisting of _8 pages and it is true and complete to the best of my knowledge and belief. I understand that the information I have given is not considered confidential and that it may be shown to the interested parties.*

Subscribed and sworn before me
at: Naval Station Newport, Rhode Island,
on this 16th day of August 2002.

**TERRY CALCUTT**
Investigator

**RUTH A. COOPER**
Affiant



Affiant's Initials

Exhibit A

Item 3

# SETTLEMENT AGREEMENT

I. This settlement agreement is entered into as resolution of the discrimination complaint of Alan Bradley, EEO Activity Number 00-32411-003. This Settlement Agreement and General Release shall not in any way be construed as an admission by the Agency of any wrongdoing against complainant, or any other person, and the Agency specifically disclaims and the complainant specifically releases the Agency for any liability to, or wrongdoing against the complainant or any other person, by the Agency or any other person, its officers and employees, or its agents.

II. The Naval Station Newport, hereinafter the Agency, and Alan Bradley, hereinafter complainant, hereby voluntarily enter into the following agreement in settlement of the complainant's Equal Employment Opportunity (EEO) complaint activity number 00-32411-003, filed on 12 July 2000, a copy of which is attached as Exhibit A. This Settlement Agreement shall be effective upon the signature of both parties. Complainant has filed a complaint of discrimination against the Secretary of the Navy alleging discrimination based on disabilities (epilepsy, partial paralysis, and blindness in one eye). Complainant and the Agency desire to settle fully and finally all employment-related claims between them, including, but in no way limited to, the differences embodied in the attached complaint of discrimination. The complainant and the Agency represent that they understand and have thoroughly discussed all aspects of this Settlement Agreement with their representatives and that they are voluntarily entering into this Settlement Agreement, which represents the entire agreement between the complainant and the Agency and a complete and exclusive statement of the terms thereof. The complainant and the Agency agree that neither party is bound by any representation, promise or inducement not set forth in this Settlement Agreement. This Settlement Agreement is the joint product of the complainant and the Agency, and it shall not be construed against any party on the grounds of sole authorship.

III. The Agency agrees to the following for a period of two years:

a. to announce Housing Management Specialist positions, GS-1173-9 located at the Naval Station Newport, at both the GS-7 and GS-9 level.

b. to afford the complainant priority consideration for such positions as noted above.

IV. The complainant withdraws his complaint of discrimination, Exhibit A, against the Secretary of the Navy, its officials, and employees. The complainant represents that, after withdrawal of his complaint of discrimination, Exhibit A, he will not file any other complaints or charges with respect to matters occurring prior to the date of this Settlement Agreement at any time hereafter, and that if any agency, representative, or court assumes jurisdiction of any complaint or charge against the Secretary of the Navy, its officials, or employees, the complainant will request such agency, representative, or court to withdraw from the matter.

EXHIBIT
Cooper #3
4-11-06 RPdm

47

V. Complainant irrevocably and unconditionally releases the Department of the Navy its employees, and all persons connected with the Department of the Navy, (collectively "Releases") from any and all charges, complaints, grievances, liabilities, damages, suits, costs, debts, and expenses which complainant had in the past, now has currently, or will have in the future under the Civil Rights Act of 1964, as amended, the Rehabilitation Act of 1973, as amended, or the Age Discrimination in Employment Act of 1967, as amended, or any other Federal or State statute or regulation related to the issues raised in this complaint.

VI. The complainant and the Agency agree that they will keep the terms, amount, and fact of this Settlement Agreement completely confidential, except to the extent disclosure may be required by law, regulation, or court order. In addition, complainant agrees that he and his representative will not hereafter disclose any information concerning this Settlement Agreement or his discrimination complaint of Exhibit A to anyone employed by or connected with the Department of the Navy, including, but not limited to, any past, present, or prospective employee or applicant for employment with the Department of the Navy.

VII. Complainant understands and agrees that any claimed violation, breach, or failure to perform any of the commitments described in this agreement by (e.g., name of activity or command) shall be raised in writing within 30 calendar days of the date the complainant knew or should have known of the alleged noncompliance, and processed as described in Appendix B to Department of the Navy Discrimination Complaints Processing Manual. If the Agency has not responded to the complainant in writing, or if the complainant is not satisfied with the attempts to resolve the matter, the complainant may appeal to the (EEOC OFO) for a determination as to whether the Agency has complied with the terms of this settlement agreement. The complainant may file such an appeal 35 calendar days after service of the allegation of noncompliance on the Agency but no later than 30 calendar days after receipt of the Agency determination.

VIII. Should any part, term, or provision of this Settlement Agreement be declared or determined by any court, administrative tribunal, or agency to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Settlement Agreement.

ALAN BRADLEY — 24 Jan 2001 — Date
Complainant

R. A. COOPER — 24 Jan 2001 — Date
Commanding Officer
Naval Station Newport

JOSEPH F. HOOK — 1/24/01 — Date
Attorney for the Complainant

48

**DEPARTMENT OF THE NAVY**
NAVAL STATION NEWPORT
690 PEARY STREET
NEWPORT, RI 02841-1522

IN REPLY REFER TO:
12713
Ser N01A/1452
AUG 28 2002

From: Commanding Officer, Naval Station Newport
To: Alan Bradley, 74 Samson Lane, Middletown, RI 02842

Subj: BREACH OF SETTLEMENT AGREEMENT

Ref: (a) Joseph F. Hook's ltr of 26 Jun 02

1. I am in receipt of your attorney's letter, reference (a), requesting written information about the settlement agreement signed on 24 January 2001. While we have answered this letter informally in the past, this is a formal response for the record.

2. The terms of the settlement agreement have been adhered to since the settlement agreement was signed. In June 2001, the Command advertised for a Housing Management Specialist, GS-1173 at the 07/09 grade level, which meets the terms of the agreement.

3. At a meeting with you and your Union Representative, Mr. Allen, I met in person with you to outline the actions of the Command in canceling the vacancy announcement for the position of Housing Management Specialist. I also offered to extend your settlement agreement for two years since the Department of the Navy required a freeze on the hiring of GS-1173 positions, while a functionality assessment was being completed, and you refused that offer. I consider the settlement agreement in effect at this time and will continue to abide by it in the future when vacancies are announced.

4. I hope that this reply meets with your inquiries about the settlement agreement.

R. A. Cooper
R. A. COOPER

OPTIONAL FORM 99 (7-90)
**FAX TRANSMITTAL** # of pages ▸ 1

| | |
|---|---|
| To Peggy | From Karen Peckham |
| Dept./Agency | Phone # 948-6197 |
| Fax # 694-2915 | Fax # |

NSN 7540-01-317-7368 5099-101 GENERAL SERVICES ADMINISTRATION

255

EXHIBIT
Cooper #4
4-11-06 R.Pelm

D-00274

EXHIBIT
Cooper #5
4-11-06 R.Pal.

# JOSEPH F. HOOK
## Attorney at Law

294 Valley Road
Middletown, Rhode Island 02842

Phone: (401) 846-5200
Fax: (401) 848-0984
Email: jhooklaw@msn.com

June 26, 2002

Cari M. Dominguez, Director
Equal Employment Opportunity Commission
Office of Federal Operations
PO Box 19848
Washington, DC 20036

***Re: Alan Bradley v. Department of the Navy***

Dear Director Grabon:

Please be advised that this office represents Alan Bradley a civilian employee of the United States Navy in Newport, Rhode Island. Mr. Bradley is writing to you pursuant to Appendix B Article 9 of the Department of the Navy Discrimination Complaints Processing Manual, to notify you that the terms and conditions of his settlement agreement entered on January 24, 2001 with the United States Navy have not been complied with.

The terms of that settlement agreement provides that the United States Navy would for a period of two years:

A. to announce Housing Management Specialist positions, GS1173-9 located at the Naval Station Newport, at both the GS-7 and GS-9 level.

B. to afford the complainant priority consideration for such positions as noted above.

On or about June 1, 2002 the Department of the Navy temporarily transferred Victor Ramsey for a period of 190 days to the open position of Green Lane Housing Manager. This housing manager position opened up when Lorraine Bowers, a housing manager took a job elsewhere.

The Department of the Navy has breached the settlement agreement by failing to advertise the open position at both the GS-7 and GS-9 level, and in failing to afford Mr. Bradley priority consideration for this position. Additionally, by labeling the transfer or

Mr. Ramsey as only temporary, the Department of the Navy will avoid affording my client priority consideration as required under the settlement agreement, because said agreement will expire at or near the expiration of Mr. Ramsey's "temporary" hire.

Consequently, my client demands that the terms of his settlement agreement reached with the Department of the Navy be implemented and that Navy be required to advertise the Housing Management position that Mr. Ramsey currently holds at both the GS-7 and GS-9 level and that my client be afforded priority consideration for that position.

If you have any questions do not hesitate to contact me.

Very Sincerely,

Joseph F. Hook

Cc: Captain Ruth Cooper
Alan Bradley
M. E. Flynn Sams

246

Agenda for 14 June Meeting

From: Hubner, Jana L. (EFDLANT) [HubnerJL@efdlant.navfac.navy.mil]
Sent: Wednesday, June 06, 2001 6:13 PM
To: Lamoureux, Dave; Baronner, Dawn C. (EFDLANT); Newport FH; Jankowski,
Ed (CNER); Shannon, Alan (CNRNE); Pearson, William J (NAVFACHQ)
Subject: Agenda for 14 June Meeting

Agenda for Property Mgt Meeting on 14 June (flexible)

0800-0830 - Overview of property Management Concept - Bill Pearson

0830 - 0900 - Cost reimbursable contract - Dave Lamoureux

0915-1030 - Overview of current maintenance contracts - Charlie Silvia

11-12 - How to implement property mgt contract with existing contracts - what stays, what is terminated

1-2 - Impact on the Housing Staff - Realignment/Termination through attrition

2-3 - ROICC interface

3-4 - Prepare executive summary for Capt Cooper

EXHIBIT
Cooper #6
4-11-06 RPeh

**Thompson, Mary** — Item 5

| | |
|---|---|
| From: | MartinP [MartinP@nsnpt.navy.mil] |
| Sent: | Thursday, June 21, 2001 9:28 AM |
| To: | Thompson, Mary |
| Cc: | MartinP |
| Subject: | FW: Cancel Jobs |

Mary, Please cancel PPI 01BNS1022081 per these email messages. If you need more information, please contact me at 13117

Thanks!
Pat

EXHIBIT
Cooper #9
4-11-06 R.Pol.

> -----Original Message-----
> From: Peckham, Karen GS (NSNPT 10)
> Sent. Thursday, June 21, 2001 7:34 AM
> To: Martin, Patricia GS (NSNPT HRO)
> Subject: FW: Cancel Jobs
>
> Pat,
>
> Please advise the HRSC that the two GS-7/9 Housing Managers have been
> cancelled.
>
> Thanks,
> Karen
>
> -----Original Message-----
> From: Silvia, Charles GS (NSNPT 90)
> Sent: Thursday, June 21, 2001 6:57 AM
> To: Peckham, Karen GS (NSNPT 10)
> Cc: Cooper, Ruth CAPT (NSNPT 00); Jankowski, Edward
> Subject: Cancel Jobs
>
> Good Morning Karen;
>
> Would you please cancel the two GS-7/9 Housing Managers jobs as of now.
>
> Thank You
>
> Charles R. Silvia
> Family Housing Department Head
> Naval Station Newport
> Building 690
> Newport, RI 02841-1620
> Voice (401) 841-4209
> Fax (401) 841-7138
> Email silviac@nsnpt.navy.mil <mailto:silviac@nsnpt.navy.mil>
>

RE Estimate OF HOURS AND COSTS FOR PILOT

From: Lonigan, Susan M (Efdlant) [LoniganSM@efdlant.navfac.navy.mil]
Sent: Wednesday, August 15, 2001 11:17 AM
To: Shannon, Al GS (NSNPT); Jankowski, Ed (CNER)
Cc: Cooper, Ruth CAPT (NSNPT 00); Lafollette, Paula L (EFANE); Smith, Donna H. (EFDLANT); Noce, Susan J (EFANE); Bates, Betty L. (EFDLANT); Newport FH
Subject: RE: Estimate OF HOURS AND COSTS FOR PILOT

Al,

Thanks for your reply. CAPT Cooper's position is understandable considering the uncertainty of the future. Should the property pilot prove a viable option for any of the CNRNE activities, the contracting process can be activated.

V/R
Sue

EXHIBIT
Cooper #7
4-11-06 RP

Susan M. Lonigan
Family Housing Programs
LANTNAVFACENGCOM
(757) 322-4547, DSN 262
FAX (757)322-4578, DSN 262
Visit www.housing.navy.mil for P-930, change 13

-----Original Message-----
From: Shannon, Al GS (NSNPT) [mailto:ShannonA@cnrne.nsnpt.navy.mil]
Sent: Wednesday, August 15, 2001 8:59 AM
To: Lonigan, Susan M (Efdlant); Jankowski, Ed (CNER)
Cc: Cooper, Ruth CAPT (NSNPT 00); Lafollette, Paula L (EFANE); Smith, Donna H. (EFDLANT); Noce, Susan J (EFANE); Bates, Betty L. (EFDLANT); Newport FH
Subject: RE: Estimate OF HOURS AND COSTS FOR PILOT

Susan / Ed,

After discussing the issue of instituting a Property Managerment Pilot Study at Naval Station Newport with the Naval Station Commanding Officer, Navy Region Northeast elects to defer any action at the present time. Upon reviewing all the various scenarios with regard to creating a more efficient organization, we are unsure what direction the SIPB and Navy Housing is heading when considering the various challenges of functionality assessements, A-76, or property management and will wait for additional direction from our Navy leadership.

We still are favorably impressed with the possible opportunities that

a property management contract might offer, but think any decision to proceed at this time would be premature.

Therefore, request you stop all actions to include Naval Station Newpo rt in any ongoing property management pilot studies.

Alan Shannon
Deputy
Community Support Programs
1A Simonpietri Drive
Naval Station
Newport, RI 02841

DSN: 948-6974
COM: 401-841-6974
FAX: 401-841-6973

-----Original Message-----
From: Jankowski, Edward GS (NSNPT N72)
Sent: Tuesday, August 14, 2001 2:40 PM
To: 'Lonigan, Susan M (Efdlant)'; Jankowski, Edward GS (NSNPT N72); Sh annon, Al GS (NSNPT)
Cc: Lafollette, Paula L (EFANE); Smith, Donna H. (EFDLANT); Noce, Susa n J (EFANE); Bates, Betty L. (EFDLANT)
Subject: RE: Estimate OF HOURS AND COSTS FOR PILOT

Al,

FYI and request that you respond to inquiry.

R/ Ed

-----Original Message-----
From: Lonigan, Susan M (Efdlant) [mailto:LoniganSM@efdlant.navfac.navy .mil]
Sent: Tuesday, August 14, 2001 2:03 PM
To: Jankowski, Ed (CNER)
Cc: Lafollette, Paula L (EFANE); Smith, Donna H. (EFDLANT); Noce, Susa n J (EFANE); Bates, Betty L. (EFDLANT)
Subject: RE: Estimate OF HOURS AND COSTS FOR PILOT

Ed,

I understood that CAPT Cooper would be providing LANTDIV approval to p roceed with the property pilot for Newport sometime this month. Can y