IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALAN BRADLEY,

Plaintiff,

v. CA No. 04-412M

GORDON R. ENGLAND, Secretary
of the United States Department
of the Navy

Defendant.

DEFENDANT'S ANSWERS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify the officials responsible for the selection of Mary Beth Oliveira and Jamie Theibault to the position of Housing Manager in the year 1999.

**ANSWER:**

Defendant objects to this interrogatory to the extent it refers to "Housing Manager". As grounds for its objection, defendant notes that the interrogatories originally issued by plaintiff referred to the position of "Assistant Housing Manager". On April 20, 2005, counsel wrote to the Government to advise that all interrogatories referring to "Assistant Housing Manager" should be amended to reflect "Housing Manager". The position which is the subject of Plaintiff's EEO complaints is in fact "Housing Manager Assistant" - a GS-7 position. Without waiving this objection, defendant states as follows.

Robert E. Corey, Housing Director. Mr. Corey retired from Federal Civil Service in February, 2000. Mr. Corey received recommendations from a selection panel consisting of three individuals: Ed Jankowski, Connie Menard and Tina Vars.

**INTERROGATORY NO. 2:**

Identify all of the qualifications for the initial employment of Housing Manager which the Plaintiff applied for in 1999 and which Mary Beth Oliveira and Jamie Theibault were selected over the Plaintiff, and if said qualifications have been reduced to writing please attach a copy of said writing, including a job description. If the qualifications for Housing Manager positions at Naval Station Newport have chanced since 1999, please state the nature of the changes and the dates of the changes.

**ANSWER:**

See objection to Interrogatory number 1. Without waiving the objection, see Agency Position No. LVE 9884 and 9885, Position Descriptions for a GS-1173-7 Housing Management Assistant and a GS-1173-9 Housing Management Assistant/Specialist; Department of the Navy Performance Evaluation Forms listing Critical Elements and Standards for the GS-1173-7 and GS-1173-9 Housing Management Assistant; Job Opportunity Announcement GRN99-0125 dated June 23, 1999; Merit Promotion Program Vacancy Announcement No. GRN99-0125, previously provided to the Plaintiff on or about 22 July 05 as Tab "B".

The qualifications of the Housing Manager Assistant positions stayed the same between 1999 and November of 2004, when the positions were abolished due to housing privatization. Four Housing Manager positions were downgraded in December of 2001 as a result of a Classification Consistency review. However, the qualifications within the position descriptions did not change.

**INTERROGATORY NO. 3:**

Please identify Alan Bradley's supervisory chain of command, from first level Supervisor up, from 1994 through the present during his employment at Naval Station Newport. Please indicate when any changes in supervisory chain of command occurred.

**ANSWER:**

1/1/94 – 4/30/94:

| | |
|---|---|
| 1ST Level: | Mark Silvia, Supervisory Housing Mgr, Facilities Branch |
| 2nd Level: | Robert E. Arbour, Deputy Housing Director |
| 3rd Level: | Robert E. Corey, Housing Director |

5/1/94 – 2/15/95:

| | |
|---|---|
| 1ST Level: | Charles Silvia, Director of Housing Maintenance |
| 2nd Level: | Robert E. Arbour |
| 3rd Level: | Robert E. Corey |

5/1/95 – 4/30/96:

| | |
|---|---|
| 1ST Level: | Charles Silvia |
| 2nd Level: | Robert E. Arbour |
| 3rd Level: | Robert E. Corey |

5/1/96 – 4/30/97:

| | |
|---|---|
| 1ST Level: | Charles Silvia |
| 2nd Level: | Robert E. Arbour/Robert E. Corey |
| 3rd Level: | Robert E. Corey |

5/1/97 – 4/30/98:

| | |
|---|---|
| 1ST Level: | Kenny Rogers, Maintenance Foreman |
| 2nd Level: | Charles Silvia |
| 3rd Level: | Robert E. Corey |

6/22/98 – 9/19/98: (temporary detail)

| | |
|---|---|
| 1ST Level: | Eugene St. Ours, Quality Control |
| 2nd Level: | Vic Correra |

3rd Level: Public Works Officer

5/1/98 – 4/30/99:

1ST Level: Charles Silvia
2nd Level: Charles Silvia
3rd Level: Robert E. Corey

5/1/99 – 2/28/00:

1ST Level: Charles Silvia
2nd Level: Charles Silvia
3rd Level: Robert E. Corey/Ed Jankowski

10/18/99 – 4/30/00:

1ST Level: Donald R. Flippo, Maintenance Foreman
2nd Level: Charles Silvia
3rd Level: Robert E. Corey/Ed Jankowski

3/12/00 – 4/30/00:

1ST Level: Donald R. Flippo
2nd Level: Charles Silvia
3rd Level: Ed Jankowski, Housing Director

5/1/00 – 4/30/01:

1ST Level: Donald R. Flippo
2nd Level: Charles Silvia
3rd Level: Ed Jankowski/CDR Freitag/Charles Silvia

8/1/01 – 7/31/02:

1ST Level: Robert J. Evans, Supervisor, Facilities Operations
2nd Level: Ed Lopes, Base Operations Division Director
3rd Level: Assistant Public Works Officer

8/1/02 – 7/31/03:

1ST Level: Robert Yeagley, Utilities Branch Supervisor

| | |
|---|---|
| 2nd Level: | Robert J. Evans |
| 3rd Level: | Ed Lopes |

8/1/03 – 7/31/04:

| | |
|---|---|
| 1ST Level: | Robert Yeagley |
| 2nd Level: | Robert J. Evans |
| 3rd Level: | Ed Lopes |

8/1/04 – 7/31/05:

| | |
|---|---|
| 1ST Level: | Cliff Johnson, Transportation Branch Mgr |
| 2nd Level: | Robert J. Evans |
| 3rd Level: | John Alfano, Base Operations Division Director |

**INTERROGATORY NO. 4:**

Please identify all of the reasons that Alan Bradley was not hired to the Housing Manager position in 1999 which positions were filled by Mary Beth Oliveira and Jamie Thibault.

**ANSWER:**

See objection to interrogatory number 1. Without waiving this objection, Plaintiff was less qualified for the positions than Ms. Oliveria and Ms. Thibault. Plaintiff, for example, did not have the same level of knowledge and experience in areas including but not limited to assignment/termination of housing units, housing referral duties, computer skills, and the Housing organization. Additionally, Plaintiff lacked the necessary interpersonal skills for this position.

**INTERROGATORY NO. 5:**

Identify any and all meetings held by any employee or agent of the Defendant regarding Alan Bradley's job performance, including the name and address employees involved in the meetings, the date of the meetings, and the content and discussions in the meetings.

**ANSWER:**

Defendant objects to this interrogatory on the grounds that it is overbroad, seeks information which is irrelevant to the instant action, is unduly vague, fails to specify the relevant time period implicated by the request, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Plaintiff has been employed by the Navy since 1985, and has worked in several different departments including the Housing Division, Maintenance Control Division, Supply Operations Division, Facilities Support and Contract Division, and Base Operations Division. It would be extremely burdensome for the Defendant to attempt to research all of its records in the various departments that Plaintiff worked in to respond to this request. Additionally, a number of Plaintiff's past supervisors have retired from federal service and no records concerning Plaintiff's past duty performance have been located to date.

**INTERROGATORY NO. 6:**

Please identify any and all officials that were involved in the decision to cancel the vacant Housing Manager positions in the Spring/Summer of 2001 which cancellation is alleged in the Plaintiff's complaint. Please identify all of the reasons that the Defendant cancelled the offering of said Housing Manager positions and why the plaintiff was not afforded priority consideration for those positions as set forth in that certain settlement agreement dated January 24, 2001 that is referred to in the plaintiff's complaint.

**ANSWER:**

See objection to interrogatory number 1. In addition, defendant objects to this interrogatory insofar as it refers to the settlement agreement dated January 24, 2001 as said agreement has been determined to be null and void. Without waiving these objections:

1. Capt. Ruth A. Cooper, former Program Manager for Quality of Life, Navy Region Northeast (see Office of Complaints Investigation Investigative File ("IF"), Ex. F-2, p. 148).

2. Charles R. Silvia, former Housing Director, Naval Station Newport Housing Office (see IF, Ex. F-3, p. 156). 25 Boulevard Middletown, RI 02842-5403

3. Dr. Al Shannon, Program Manager, Quality of Life, Navy Region Northeast (see IF, Ex. F-4, p. 164).

The reasons the Defendant cancelled the offering of said positions are described in the affidavits of Capt. Cooper, Mr. Silvia and Dr. Shannon located at pp. 143, 152 and 160 respectively of the documents previously produced. Plaintiff was not offered priority consideration for these positions because the vacancies were cancelled.

**INTERROGATORY NO. 7:**

Please identify all officials involved in placing Victor Ramsey in the position of Green Lane Housing Manager in the Spring of 2002. Identify the person who held the position of Green Lane Housing Manager prior to Mr. Ramsey. Please identify any and all reasons why the plaintiff Alan Bradley was not considered to fill the position of Green Lane Housing Manager that was filled by Victor Ramsey in the spring of 2002.

**ANSWER:**

Charles Silvia was responsible for detailing Victor Ramsey into the position of Green Lane Housing Manager in the Spring of 2002. Laurene Bowers previously held the position. Plaintiff was not considered for this temporary, non-competitive process position, because there was an individual in the Housing Department (Victor Ramsey) who was qualified and willing to fill this temporary detail, and who had previously been temporarily detailed to perform these duties the previous summer. Plaintiff was not considered because in the Spring of 2002, he was

not working in the Housing Department, but in Public works.

**INTERROGATORY NO. 8:**

Please state whether any person other than the plaintiff in the past 10 years had made an allegation of discrimination against the defendant based upon disability at Naval Station Newport. As to each allegation of discrimination, please state as to each allegation whether a claim was filed, identify the person who advance the claim, the disposition of the claim and the jurisdiction caption and file number of each claim.

**ANSWER:**

Defendant objects to this interrogatory as overbroad, seeking information which is beyond the scope of discovery, irrelevant, inadmissible, and not reasonably calculated to lead to the discovery of admissible or relevant information. In addition, the interrogatory seeks information which is protected by the Privacy Act, 5 U.S.C. Section 552a.

Without waiving this objection, and to the extent plaintiff seeks the "jurisdiction caption and file number of each such claim", no such claims were filed in court.

**INTERROGATORY NO. 9:**

Do you contend that the plaintiff's physical impairment of epilepsy, deformed right arm and partially blind right eye precluded the plaintiff from participating in the job of Housing Manager at Naval Station Newport at any time between 1999 and the present?

**ANSWER:**

Defendant objects to this interrogatory as calling for the defendant to make a medical conclusion. Without waiving this objection, the GS-7 Housing Management Assistant position at Naval Station Newport (for which plaintiff applied in 1999) required the employee to required to drive a vehicle in order to perform necessary duties such as contacting property owners, real estate brokers and development housing authorities, and inspect housing units. See

the GS-1173-7 Position Description referenced in Interrogatory response number 2. Plaintiff had been in an on-the job accident and requested that he not drive, stating "... should I have a seizure, I could get into an accident and injure myself or someone else." OCI Investigation date 23 Sep 02, Ex. F-1, p. 115. In addition, Plaintiff had issues communicating with customers.

**INTERROGATORY NO. 10:**

Do you contend that the plaintiff cannot or could not perform the essential functions of the position of Housing Manager at Naval Station Newport at any time between 1999 and the present. If the answer to this question is yes, please state whether any investigation was performed to determine whether the plaintiff could perform the essential functions of Housing Manager, and identify the persons who conducted said investigation and identify each writing relating to that investigation.

**ANSWER:**

See objection to interrogatory number 1. Without waiving this objection, see Answer number 9 above. To the best of Defendant's knowledge and belief, no investigation was performed to determine if the Plaintiff could perform the essential functions of the Housing Management Assistant position.

**INTERROGATORY NO. 11:**

Please state whether at the time Mary Beth Olivieira and Jamie Thibault were selected over the plaintiff in 1999 for the position of Housing Manager whether the defendant or any of its agents considered whether the plaintiff could perform the essential functions of the position of Housing Manager with a reasonable accommodation. If the answer is yes, please identify the name and address of each person who participated in the consideration of such reasonable accommodation, and each writing relating to such consideration. If the defendant failed to consider a reasonable accommodation for the position of Housing Manager in 1999, please state the reasons why the defendant failed to consider a reasonable accommodation.

**ANSWER:**

See objection to interrogatory number 1. Without waiving such objection, no. Defendant did not consider whether Plaintiff could perform the essential functions of the position with a reasonable accommodation because Defendant had no knowledge that Plaintiff requested reasonable accommodation when he was applying for the GS-7 Housing Management Assistant position in 1999.

**INTERROGATORY NO. 12:**

Please state whether in 2001 following the execution of that certain settlement agreement that is referred to in the plaintiff's complaint whether the defendant or any of its agents considered whether the plaintiff could perform the essential functions of the position of Housing Manager with a reasonable accommodation. If the answer is yes, please state each person who participated in the consideration of such reasonable accommodation, and each writing relating to such consideration. If the defendant failed to consider a reasonable accommodation for the position of Housing Manager in 2001, please state the reasons why the defendant failed to consider a reasonable accommodation.

**ANSWER:**

Defendant objects to this interrogatory as seeking information beyond the scope of discovery. The settlement agreement referred to in the complaint has been deemed null and void. Also see objection to interrogatory number 1. Without waiving these objections, yes. Capt. Cooper and Charles Silvia. See their declarations located in the IF, Ex. F-2, p. 148 and Ex. F-3, p. 157.

**INTERROGATORY NO. 13:**

Please state whether the Defendant or any of its agents and employees considered the plaintiff's physical disabilities in connection with the defendant's decision not to promote the plaintiff to the position of Housing Manager in 1999. If the answer is yes, please identify the

name and address of the person who has knowledge of any fact relating to such consideration.

**ANSWER:**

See objection to interrogatory number 1. Without waiving this objection, see response to Interrogatory Number 9.

**INTERROGATORY NO. 14:**

If your answer to interrogatory number 13 is no, please state each fact upon which the defendant relies upon in which it based its decision not to promote the plaintiff to the position of Housing Manager in 1999. In addition, please identify the name and address of each person who has knowledge of any information concerning the facts which the defendant based its decision not to promote the plaintiff of the position of Housing Manager in 1999.

**ANSWER:**

See Response to Interrogatory Number 9.

Mr. Robert E. Corey (selecting official)
316 Wyatt Rd
Middletown, RI 02842-5366

Mr. Ed Jankowski
Naval Station Newport
Simon Pietri Drive
Newport, RI 02841

Ms. Connie Menard
Naval Station Newport
Bldg 43/Supply
Newport, RI 02841

Ms. Tina Vars
Naval Station Newport

**INTERROGATORY NO. 15:**

Please state whether the defendant or any of its agents and employees considered the plaintiff's physical disabilities in connection with the defendant's decision not to promote the plaintiff to the position of Housing Manager in the spring/summer of 2001, or afford the plaintiff with priority consideration for said positions in the spring/summer of 2001 as was contemplated by the settlement agreement referred to in the plaintiff's complaint. If the answer is yes, please identify the name and address of the person who has knowledge of any fact relating to such consideration.

**ANSWER:**

Defendant objects to this interrogatory to the extent it refers to the settlement agreement referred to in plaintiff's complaint, as said agreement has been determined to be null and void. In addition, see objection to interrogatory number 1. Without waiving these objections, the two positions that were advertised in the spring/summer of 2001 were cancelled for business reasons without any consideration of Plaintiff's physical disabilities. Since the positions were cancelled, it was not possible to provide Plaintiff with priority consideration for these positions. No other GS-7 Housing Management Assistant positions have been advertised since the positions were cancelled in 2001.

**INTERROGATORY NO. 16:**

If you answer to interrogatory number 15 is no, please state each fact upon which the defendant relies upon in which it based its decision not to promote the plaintiff to the position of Housing Manager in the spring/summer of 2001 or afford the plaintiff priority consideration for said positions. In addition, please identify the name and address of each person who has knowledge of any information concerning the facts which the defendant based its decision not to promote the plaintiff to the position of Housing Manager in the spring/summer of 2001, or afford the plaintiff with priority consideration for such positions.

**ANSWER:**

See answers numbers 6 and 15.

**INTERROGATORY NO. 17:**

Please state whether the defendant or any of its agents and employees considered the plaintiff's physical disabilities in connection with the defendant's decision not to promote the plaintiff to the position of Green Lane Housing Manager in 2002 which position was filled by Victor Ramsey. If the answer is yes, please identify the name and address of the person who has knowledge of any fact relating to such consideration.

**ANSWER:**

See Response to Interrogatory number 7.

**INTERROGATORY NO. 18:**

If you answer to interrogatory number 17 is no, please state each fact upon which the defendant relies upon in which it based its decision not to promote the plaintiff to the position of Green Lane Housing Manager in the spring/summer of 2001 or afford the plaintiff priority consideration for said position. In addition, please identify the name and address of each person who has knowledge of any information concerning the facts which the defendant based its decision not to promote the plaintiff to the position of Green Lane Housing Manager in 2002 or afford the plaintiff with priority consideration for such position.

**ANSWER:**

See response to Interrogatory number 17 above. Charles Silvia made the decision to detail Victor Ramsey to the Green Lane Housing position. His address is: 25 Boulevard Middletown, RI 02842-5403

**INTERROGATORY NO. 19:**

Please identify the name of all persons who held Housing Manager positions at Naval Station Newport in the spring/summer of 2001. Please identify the positions that these persons currently hold, including the grade and series of the positions held, and if said persons have been upgraded or downgraded since the spring/summer of 2001, the date and the reason for the upgrade or downgrade.

**ANSWER:**

See objection to interrogatory number 1. In addition, defendant objects to that portion of the interrogatory which seeks the reasons for personnel decisions as such information is protected by the Privacy Act, 5 USC 552a(b). Without waiving this objection:

Laurene Bowers – currently employed by the Commander, Navy Region Northeast as a GS-1173-11 as a Housing Management Specialist

Francis Donnelly – currently a GS-0301-09 Housing Referral Specialist, Naval Station Newport

Paul Manning – currently employed by the Commander, Navy Region Northeast as a GS-1173-11 Housing Asset Manager

William Murphy – currently a GS-1101-09 Housing Liaison Specialist, Naval Station Newport

Charles Silvia – retired in March 2004

Mark Silvia – currently a GS-1173-12 Housing Director (Storefront Manager), Naval Station Newport.

All of these positions are new positions. The positions that existed in 2001 were abolished in 2004 when privatization took place.

**INTERROGATORY NO. 20:**

Please state whether Charles Silvia has been disciplined by the defendant or its employees or agents at any time between 1999 and the present. If the answer is yes, please identify the nature of the discipline and the reason for the discipline.

**ANSWER:**

Defendant objects to this interrogatory as seeking information that is beyond the scope of discovery. In addition, this information is barred from disclosure by the Privacy Act, 5 U.S.C. Sec. 552a(b).

**INTERROGATORY NO. 21:**

Please state whether Captain Ruth Cooper has been disciplined by the Defendant or its employees or agents at any time between 1999 and the present. If the answer is yes, please identify the nature of the discipline and the reason for the discipline.

**ANSWER:**

Defendant objects to this interrogatory as seeking information that is beyond the scope of discovery. In addition, this information is barred from disclosure by the Privacy Act, 5 U.S.C. Sec. 552a(b).

**INTERROGATORY NO. 22:**

Please state whether Mary Silvia has been disciplined by the Defendant or its employees or agents at any time between1999 and the present. If the answer is yes, please identify the nature of the discipline and the reason for the discipline.

**ANSWER:**

Defendant objects to this interrogatory as seeking information that is beyond the scope of discovery. In addition, this information is barred from disclosure by the Privacy Act, 5 U.S.C. Sec. 552a(b).

## AS TO ANSWERS

Pursuant to 28 U.S.C. §1746, I declare and state that I am authorized to answer the foregoing interrogatories on behalf of the Department of the Navy and that while I do not have personal knowledge of all the facts recited in the foregoing responses, the information contained therein has been collected and made available to me by others, and said responses are true to the best of my knowledge and belief, based on the information made available to me. I declare under penalty of perjury under the law of the United States of America that the foregoing statement is true and correct.

Executed within the United States on the 25 day of Aug, 2005.

Barbara M. Dragowski
Associate Counsel
Navy Region Northeast

AS TO OBJECTIONS:

ROBERT CLARK CORRENTE
United States Attorney

Lisa Dinerman
Assistant U.S. Attorney
709-5000 (Telephone)
709-5017 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing responses to plaintiff's interrogatories was forwarded, postage prepaid, and by fascimile, to Joseph F. Hook, Esq., 294 Valley Road, Middletown, Rhode Island 02842 this 26th day of August, 2005.