IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALAN BRADLEY, | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | C.A. NO. 04-412ML |
| | ) | |
| GORDON R. ENGLAND, | ) | |
| Secretary of the U.S. | ) | |
| Department of the Navy, | ) | |
| Defendant | ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT**

The Court has directed Defendant to provide a Supplemental Memorandum addressing the following question:

> If Mr. Bradley had been temporarily detailed from his position in Public Works to the Housing Manager Position in 2002 instead of Victor Ramsey and if Bradley's Public Works position had been eliminated in the commercial activity study then on going in Public Works while he was on detail to Housing, would the Collective Bargaining Agreement (CBA) or the Civil Service laws and regulations have provided Mr. Bradley with any protection from losing his job in Public Works Reduction-in-Force (RIF)?

First, it is important to note that at the time of the 2002 detail, noone knew when the Public Works commercial activity study would lead to a RIF. In hindsight, we know the RIF occurred in 2004. Ramsey's detail to the Housing Manager position ended in 2002, before the 2004 RIF. There is no evidence in the record from which a fact-finder could conclude that the detail would have lasted longer if Bradley had been detailed rather than Ramsey.

Contrary to Captain Cooper's understanding, the Civil Service regulations provide that an employee on detail at the time of a RIF will compete in the RIF from his permanent position, not the detail. 5 C.F.R. §§ 351.403 and 404. Consequently, Bradley

would have competed for positions in the 2004 RIF on the same basis whether he had been detailed or not. Nonetheless, there is no evidence which would support the conclusion that Bradley would have ended up with a better placement in the RIF if had been temporarily detailed to the Housing Position in 2002.

Mr. Bradley was a member of the collective bargaining unit at Naval Station Newport in 2002. At that time, he was represented by Local 190 of the American Federation of Government Employees. According to the CBA that was in place at the time, management was to utilize details "in accordance with applicable laws, rules and regulations." Article XIV, Section 3, attached hereto as Exhibit A. The CBA did not provide any additional limitations on or protections to detailed employees.

Title XVIII of that CBA, attached hereto, addressed Reductions-in-Force. That Title provided that management shall notify the Union of the necessity for a Reduction-in-Force and of the reasons therefore as far in advance as possible. It did not provide protections for employees during a RIF other than those contained in the Civil Service laws and regulations.

Respectfully submitted,

GORDON R. ENGLAND, SECRETARY,
DEPARTMENT OF THE NAVY,

By his attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Anthony C. DiGioia
ANTHONY C. DIGIOIA, #2495
Assistant U.S. Attorney
Chief, Civil Division
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: anthony.digioia@usdoj.gov

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 18th day of December, 2006, I caused to be electronically filed the within Supplemental Memorandum in Support of Defendant's Motion for Summary Judgment with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF System. The following participant has received notice electronically:

Joseph F. Hook,Esq.,
294 Valley Road
Middletown, Rhode Island 02842

/s/ Anthony C. DiGioia
ANTHONY C. DIGIOIA, #2495
Assistant U.S. Attorney
Chief, Civil Division
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: anthony.digioia@usdoj.gov