UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALAN BRADLEY<br>Plaintiff | ) | |
| | ) | CA04-412ML |
| v. | ) | |
| GORDON R. ENGLAND, SECRETARY,<br>DEPARTMENT OF THE NAVY,<br>Defendant | ) | |

**DECLARATION OF KENNETH A. POTTER**

I, Kenneth A. Potter, declare and state pursuant to 28 U.S.C. 1746 as follows:

1. I am currently a Supervisory, Human Resources Specialist with the Human Resources Office Groton, located at Naval Submarine Base New London, Groton, Connecticut. I have been employed in the Human Resources Office Groton since 1990. I have held my current position since approximately 1999.

2. Part of my duties as Supervisory, Human Resources Specialist is to provide advice and guidance to Navy and Army Commands in areas of Human Resources Management, personally or through subordinate Specialists. I provided advice and guidance to management at Naval Station Newport in 2004 regarding the Reduction-in-Force action of Public Works and Housing employees. I am familiar with laws, rules, regulations and polices regarding civilian personnel.

3. Management has the right to detail its employees to positions at the grade then held by the employee, or a higher-graded position. See 5 U.S.C. § 3341 and 5 C.F.R. Part 300, Subpart C, Section 301. Additionally, the Agency's internal Human Resources Manual ("HRO Manual"), which addresses details of employees, provides that employees who are detailed to higher-graded positions receive the pay of the permanent position from which he or she was detailed, and not the higher-graded position to which they were detailed.

4. Mr. Bradley was a member of the collective bargaining unit at Naval Station Newport in 2002. At that time, he was represented by the American Federation of Government Employees,

Local 190. According to the Collective Bargaining Agreement (CBA) that was in place at the time, management was required to utilize details "in accordance with applicable laws, rules and regulations." Article XIV, Section 3. There were no additional protections for detailed employees in either this section of the CBA, or Article XVIII, addressing Reduction-in-Force. Article XVIII only addressed such areas as notification, inspection of retention registers, and the employer's agreement to make reasonable efforts to reassign employees whose positions are eliminated.

I declare, under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct.

December 18, 2006

Kenneth A. Potter

**DEPARTMENT OF THE NAVY**
HUMAN RESOURCES OFFICE
P. O. BOX 20
NAVAL SUBMARINE BASE NEW LONDON
GROTON, CONNECTICUT 06349-5020

12000
Ser 00L22/2009
27 March 2002

From: Director, Human Resources Office Groton

Subj: REVISION 12 TO HRO GROTON MANUAL

Encl: (1) Listing of Mar 02 HRO Manual Revisions with attached revised pages
(2) Sample command instruction for adoption of HRO Groton Manual with exceptions as modified by a serviced command

1. Enclosure (1) contains the twelfth revision to the HRO Groton Manual of October 1995. Revision 12 consists of updates to the existing manual and also adds two new chapters covering Unacceptable Performance and Official Bulletin Boards. Filing instructions are included with the transmittal. Enclosure (2) may be used by activities desiring to adopt the manual in whole or in part.

2. Activities with unions are advised to discharge their labor relations obligations prior to implementation of any changes reflected in Revision 12. Assistance in negotiating these changes may be obtained by contacting Sunnie Robinson of the HRO Groton Labor Relations Department at DSN 694-3056, COM (860) 694-3056, e-mail: robinsons@subasenlon.navy.mil.

3. Ms. Robinson may also be contacted if there are general questions about the manual itself. Additional copies of the revision and electronic versions of the complete manual including Revision 12 are available from Colleen Engle at X-3934, e-mail engelc@subasenlon.navy.mil

JON A. DODD
By direction

Distribution:
Serviced Activities (One each)

# HUMAN RESOURCES OFFICE MANUAL

Prepared by the Staff of
Human Resources Office
Groton, Connecticut
October 1995

inform the employee of the time limit within which the appeal must be submitted.

Commands/Activities should contact their servicing HRO Groton Personnel Management Specialist who will draft the necessary letters for signature by command authority and establish/ maintain the casefile.

**DEMOTION UPON FAILURE TO COMPLETE A SUPERVISORY/MANAGERIAL PROBATIONARY PERIOD.** Satisfactory completion of a prescribed probationary period is a pre-requisite to continued service in a supervisory/managerial position. An employee who is moved from a position (e.g., demoted, reassigned) for failure to complete supervisory or managerial probation must be notified in writing of the action with sufficient factual information to make the basis for action clear. The action must be effected before the end of the probationary period. An employee removed from a supervisory or managerial position is entitled to be assigned to a position in the employee's current employing agency of no lower grade and pay than the one the employee left to accept the supervisory position. Employees are not entitled to grade or pay retention.

**APPEAL RIGHTS.** An employee or former employee may appeal their termination/demotion during probation (whether for unsatisfactory performance/conduct or for conditions arising before appointment) in writing to the Merit Systems Protection Board (MSPB) ONLY when such an appeal is based on:

* A non-friviolous allegation that the termination was not required by statute and was based on partisan political reasons or marital status. OR

* Improper Procedure. A probationer whose termination was due to conditions arising before appointment may appeal on the ground that his/her termination was not effected in accordance with the procedures outlined in the above paragraph (written proposed notice, opportunity to respond, written decision, receipt of decision before effective date of action).

* Allegations of discrimination because of race, color, religion, sex, national origin, age (minimum 40 years of age) or handicapping condition if raised in addition to an appeal based on improper procedure and/or discrimination based on partisan political reasons or marital status.

## DETAILS

**DEFINITION OF TERMS.**

~ Detail is the temporary assignment of an employee to a different position or set of duties for a specified period of time. The employee is not officially assigned and will usually return to performing duties described under his or her assigned position description at the end of the detail.

~ Misassignment is the continuing assignment of an employee to perform work, which is not covered by his or her official position description. Misassignments are prohibited, since they often result in pay disparities and are contrary to law and Office of Personnel Management (OPM) regulations.

**MANAGEMENT RESPONSIBILITIES.** Activity Heads, Managers, and Supervisors will:

~ Assign employees to perform the duties of the position in which they are employed and for which duties are accurately described.

~ Assign other duties and responsibilities only under circumstances described below in the section entitled "USE OF DETAILS."

~ Keep details as short as practicable.

~ Record details in writing unless otherwise specified.

~ Where required, effect details in accordance with the Merit Promotion Program.

**APPROPRIATE USE OF DETAILS.** Details are appropriate under temporary circumstance such as the following:

~ To meet emergencies occasioned by abnormal workload, special projects or studies, changes in mission or organization, and unanticipated or anticipated absences.

~ Pending official assignment, pending description and classification of a position, pending security clearance and for training purposes (particularly where the training is a part of established promotional or developmental programs).

~ To fill positions left vacant due to retirement, resignation, etc., pending official action to fill such positions on a permanent basis.

~ Light duty assignment pending recovery from a job related illness or injury.

**EMPLOYEE QUALIFICATIONS.** Employees do not have to be officially qualified for the position to which detailed.

**EMPLOYEE PAY DURING DETAILS.** While on detail, an employee receives the pay of the position from which he/she is detailed. This is applicable even when the employee is detailed to a higher graded position.

**RESTRICTIONS.**

~ A new employee may not be detailed to a higher graded position, to a different line of work, or to a different geographic location for at least three months after his/her latest nontemporary competitive appointment from an OPM certificate, except for an emergency detail of 30 days or less, or a detail necessary as a result of on-the-job injury or illness.

~ Except for brief periods (30 days or less), employees should not be detailed to perform work of a higher graded level unless there are compelling reasons for doing so. Temporary promotions are encouraged in these circumstances. However, if management elects to detail employees to higher graded positions or to positions with promotion potential for more than 120 days in any 12 month period, such actions must be competitive. Special note: Periods of temporary promotion and detail to a higher grade are cumulatively creditable within a 12 month period toward the 120 day limit specified in this paragraph.

~ Employees whose position descriptions specify that they will act in the absences of their supervisor may do so for short periods of time (e.g., during vacation periods). However, if there is an extended period of absence (i.e., over 30 consecutive days) or if the position is vacant, the requirements of this instruction apply.

**TIME LIMITS.** Special note: Where the time limits for detail in a negotiated agreement differ from the time limits specified in this section, the provisions of the union contract prevail.

~ Equal grade levels. An activity may detail an employee to a position of equal grade level in 120 day increments for up to one year. Activities may also detail an employee to unclassified duties in 120 day increments for up to one year, though detail to unclassified duties shall be limited to 120 days whenever possible. Details to unclassified duties shall be documented in the same manner as other details.

~ Higher grade levels. An activity may detail an employee to a higher graded position for up to one year. An employee may be non-competitively assigned to a higher graded position (either by detail or temporary promotion) for 120 days during a consecutive 12 month period. In order to extend a detail to a higher grade beyond the 120 day limit, competitive temporary promotion procedures must be used.

~ Organizations undergoing a contracting-out study may extend details for up to two years, regardless of the grade level to which assigned, provided competitive procedures are followed when required.

**DOCUMENTATION REQUIREMENTS.** Details for more than 30 days and extensions of details must be documented on a Request for Personnel Action, SF-52, and forwarded to HRO via the activity's chain of command. The following need not be recorded:

~ Details for 30 days or less;

~ Minor or incidental duties performed for intermittent periods of time;

~ Details to a position of the same grade, series, code and basic duties as the ones to which regularly assigned.

NEGOTIATED AGREEMENT

between

Naval Education and Training Center

Naval War College

Commissary Store, Newport

Naval Hospital

Naval Justice School

Commissary Store Division, Newport

Navy Publication and Printing Service

Detachment Office, Newport

and the

American Federation of

Government Employees

Local 190

# ARTICLE XIV

## TEMPORARY ASSIGNMENTS AND DETAILS

SECTION 1.
It is agreed that non-competitive temporary promotions and details to higher grade will be made as needed from among well-qualified employees, selected from organizational segments, as determined by the supervisor of the position to be temporarily filled. Temporary promotions will not normally be made for periods of less than thirty (30) days.

SECTION 2.
In instances when the time worked is in excess of three (3) weeks in a higher classification than normally assigned, and provided the employee is not the designated relief of the incumbent of the higher classified position as evidenced by the official position descriptions, the time shall be documented and entered into the employee's personnel file for crediting to his/her experience qualifications. When the employee is the normal relief of the higher classified position, detail or temporary promotion procedures in Section 1, above may be utilized if the period of the incumbent's absence exceeds thirty (30) days.

SECTION 3.
Details will be utilized in accordance with applicable laws, rules, and regulations.

SECTION 7.
The Employer agrees to furnish the Unit employee two copies of the advance notice of proposed suspension for 14 calendar days or less. The notice will inform the employee of his right to be assisted in his written reply by the Union or any person of his choice who desires to assist him. If the employee in his written reply designates the Union to represent him, a copy of all subsequent correspondence to the employee concerning the matter will be furnished to the Union.

SECTION 8.
Adverse actions are those disciplinary actions which result in removal, suspension for more than 14 calendar days, and reduction in pay or grade and those administrative actions which result in furlough without pay. They will be processed in accordance with Office of Personnel Management and Department of Navy Instructions and may be appealed only to the Merit Systems Protection Board. Any employee may submit an appeal at any time after receipt of the notice of adverse decision but not later than 20 calendar days after the adverse action has been effected.

SECTION 9.
When the Employer is advised in advance that an employee in the Unit is to be served with a warrant or subpoena, arrangements will be made whereby the warrant or subpoena may be served in private.

## ARTICLE XVIII

## REDUCTION-IN-FORCE

SECTION 1.
The Employer agrees to notify the Union of the necessity for a Reduction-in-Force as far in advance as possible and of the reasons therefore. The Employer also agrees to notify the Union of the affected competitive levels and the number of employees, dates of action, and other pertinent information when this information is available.

SECTION 2.
The Employer recognizes its responsibility to reemploy, in accordance with the DOD Program for Stability of Civilian Employment, those employees who have been separated because of the Reduction-in-Force.

SECTION 3.
The Activity agrees to make every reasonable effort to minimize the effect of a Reduction-in-Force in the Unit through the reassignment under applicable regulations of the employees to available vacancies for which they are qualified and by providing maximum assistance in out-placement.

SECTION 4.
To the extent permitted by applicable law and regulation, the Activity agrees that an up-to-date retention roster will, upon request, be made available to the Union when a Reduction-in-Force action shall be permitted to inspect the retention register on which his or her name appears.

SECTION 5.
To the extent permitted by applicable law and regulation, an employee affected by Reduction-in-Force action shall be permitted to inspect the retention register on which his or her name appears.

SECTION 6.
The Union will render its assistance in communicating to employees the reason for a Reduction-in-Force action.

SECTION 7.
It is agreed that the Employer will make a reasonable effort to reassign employees whose positions are eliminated. It is agreed that the Employer will make a reasonable effort to train employees where necessary for reassignment when positions are eliminated because of automation or adoption of labor saving devices provided funds and facilities are available and cost of such training is not excessive, and provided the employee has the necessary aptitude as determined by the Employer.

In witness whereof, the parties hereto have entered into this agreement on this 16th day of October 1989.

| | |
|---|---|
| For the Employer | For the Union |
| *Bruce R. Goodrich* | *Armand J. Valeriana* |
| Bruce R. Goodrich | Armand J. Valeriana |
| Supervisory Labor Relations Specialist | President, AFGE, Local 190 |

Approved by the Secretary of the Navy on 14 November 1989, to be effective 14 November 1989.