UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALAN BRADLEY | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| | : | CA 04-412ML |
| | : | |
| | : | |
| GORDON R. ENGLAND | : | |
| Secretary of the US Navy | : | |
| Defendant | : | |

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

A detail, is not to exceed 120 days according to the regulations. In this case, notwithstanding that restriction Mr. Ramsey was detailed for 180 days. "Details consist of an employees temporary assignment to a position or set of duties without receiving an actual upgrade in pay or job status that would accompany a permanent position. Details are considered desirable to the extent that they give employees an opportunity to gain experience to positions to which they seek promotion. NADI regulations governing the restriction of work details forbid an individual employee from holding a position a detail position for more than 120 days in any given year without being permanently reassigned the position. . . . the fact that one employee has previously been detailed to the same or comparable position may weigh crucially in the determination of who is more deserving of the promotion. Lyons v. Gordon R. England, 307 F 3rd. 1092 (9th Cir. 2002). Our Supreme Court has held that "Title VII is not limited to 'economic' or 'tangible' **discrimination.** The phrase 'terms, conditions, or privileges of

employment' evinces a congressional intent to 'strike at the entire spectrum of disparate treatment . . .' in employment." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 64 (1986)(quoting Los Angeles Dep't of Water & Power v. Manhart, 435 U.S. 702, 707 n.13 (1978)).

In this case, Mr. Ramsey was detailed to the position of Green Lane Housing Manager for a period of 180 days. The 180 days ended in November 2002, at which time a job announcement was made regarding the position. The job was only announced after a request to announce the job was made by Mr. Silvia. Mr. William Murphy testified as to why Victor Ramsey was not going to stay in housing, and was told by Mr. Silvia it was because Alan Bradley was complaining about the assignment. When asked why he could not have Alan in Housing, Charles Silvia replied that Alan is not coming to Housing.

First, although a detail of Alan Bradley to the position of Green Lane Housing Manager, would not have provided him a pay raise for that position, the selection of Mr. Ramsey over Alan Bradley to the detail nevertheless was discriminatory and protected under Title VII. The detail would have allowed Mr. Bradley to perform duties at least on a temporary basis at the higher GS-7 level, and in the Housing Department, a place he had strived to work in again. His duties would have been different to the job that he held in Public works at the lower GS-6 level. Moreover, Mr. Bradley would have obtained experience that from which he would have benefitted from regardless of whether he can prove that he would have been able to hold the position on a permanent basis or receive a higher rate of pay. Going back to the summer of 2001, Mr. Bradley had been requesting to fill the position in housing even on a temporary basis. If Mr. Bradley had the benefit of the detail, that experience may have weighed crucially in considering whether to

promote him. Consequently, the detailing of Victor Ramsey to the position of Green Lane Housing in 2002 over Mr. Bradley was an action for which relief is provided under Title VII.

Also, in this case there is ample evidence to conclude that the decision not to ultimately fill the position permanently in June of 2001, in the early Spring of 2002 when Laurie Bowers left her position as an Assistant Housing Manager, and in November 2002, was retaliatory for Mr. Bradley having engaged in prior protected EEOC activity. Ruggles v. California Polytechnic State University, 797 F2nd 782 (9th Cir. 1986) (holding that in retaliatory claims arising in the failure to hire context in order to establish a primae facie case, the Plaintiff meets her burden by showing that 1) she engaged in protected activity, 2) The position was eliminated as to her, and 3) the position was eliminated because of her protected activities); see also Velez v. Janssen Ortho, LLC 2006 U.S. App. Lexis 27272 (1st Cir. 2006) (holding that the requirement for an adverse employment action in a retaliation claim requires a showing that the plaintiff 1) applied for a particular position 2) which was vacant, and 3) for which she was qualified, and that she was not hired for the position. The "'adverse employment decision' is the closing of the job opening to her and the loss of opportunity even to compete for the position." Ruggles v. California Polytechnic State University, 797 F2nd 782, 786 (9th Cir. 1986).

In this case, the Plaintiff had a settlement agreement dated January 24, 2001, that he obtained as a result of engaging in prior EEOC activity, which required that he be afforded priority consideration for Assistant Housing Manager positions. In the Spring of 2001 the Director of Housing Charles Silvia and Captain Ruth Copper discussed this settlement agreement, prior to the position being cancelled in June of 2001. In May of 2002 an additional Housing Manager Assistant became vacant because a Laurie Bowers, who held a Housing Manager

Assistant position took another job elsewhere with the Navy. Instead of immediately advertising this open position, the Housing Director Charles Silvia detailed Mr. Victor Ramsey to this position for a 180 period.

When Mr. Bradley learned of the placement of Victor Ramsey into the position of Green Lane Housing Manager, that Laurie Bowers vacated, he had his attorney contact Captain Ruth Cooper to advise her in writing that the terms of his settlement agreement were breached because he was not afforded priority consideration for the position in which Mr. Ramsey was detailed. Cooper Depo. Page 43 and exhibit 5 attached thereto.

Victor Ramsey who held the housing Manger Assistant position for on a temporary detail, provided an affidavit in this case. In his affidavit he said " While I held the position as the Green Lane Housing Manager in the year 2002, I spoke to Charles Silvia about making my position permanent as the Green Lane Housing Manager. At that time, Charles Silvia told me that Alan Bradley had filed a complaint, and that because of that complaint, that he would have to hire Alan Bradley before he could make my promotion permanent. He told me that this was not going to happen, and that 'Alan would not be given a position in the Housing Department while he was there.' He further said that 'Alan was not coming into the Housing Department and that I could thank Alan for not getting a permanent promotion.'" Ramsey affidavit paragraph 4.

Mr. William Murphy who was then a Housing Manager Supervisor inquired of Charles Silvia as to why Victor Ramsey could not keep the appointment, and Mr. Silvia said: "Alan was complaining about the appointment." Murphy depo at page 25 line 4-5. Mr. Murphy asked Mr. Silvia to hire Alan. Murphy depo at page 25 line 9-11. Mr. Silvia replied in the negative stating to Mr. Murphy: "No Alan is not coming to this organization" and "we do not want Alan in

the organization." Murphy depo page 25 line24 page 26 line 26.

Alan Bradley also applied for the position of Assistant Housing Manager in November of 2002, when it was advertised, but the job was cancelled shortly after his application. This was approximately the same time that Victor Ramsey's detail as the Green lane Housing Manager expired.

The Plaintiff thus has established that he 1) he engaged in protected activity filing EEOC activity and obtained a settlement agreement that afforded him priority consideration for assistant housing Manager positions, 2) The position of Assistant Housing Manager was eliminated as to him in June of 2001, in the Spring of 2002, and in November 2002, and he was not even permitted to compete for the position, 3) the position was eliminated because of his protected activities. The Plaintiff has established a claim of reprisal.

Wherefore, the Plaintiff prays that this Honorable Court deny the Defendant's motion for summary judgment.

PLAINTIFF
Alan Bradley
By his Attorney

/s/ Joseph F. Hook

______________________________
Joseph F. Hook, RI Bar No 5418
294 Valley Road
Middletown, RI 02842
(401) 846-5200
Fax (401) 848-0984

CERTIFICATE OF SERVICE

I the undersigned certify that on this 22nd of December 2006 , I e-mailed true copy of the within memorandum of law to Anthony DiGioia, Esq, Assistant US Attorney at anthony.digio@usdoj.gov.

/s/ Joseph F. Hook