UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALAN BRADLEY<br>Plaintiff | : | |
| | : | CA 04-412ML |
| GORDON R. ENGLAND<br>Secretary of the US Navy<br>Defendant | : | |

PLAINTIFF'S MOTION FOR RECONSIDERATION AND CLARIFICATION PURSUANT TO RULE 54(B)

Now comes the Plaintiff Alan Bradley in the above captioned matter who hereby moves this Honorable Court to reconsider its ruling contained on page 15 in which the Court found as a fact, that the Defendant could not fill the Housing Management Specialists position that became vacant in May of 2002 on a permanent basis because a nationwide hiring freeze had gone in effect a month before.

In addition, the Plaintiff seeks clarification of the memorandum and order concerning Count IV of the Plaintiff's second amended complaint. Count IV alleged that the Defendant retaliated against the Plaintiff for engaging in prior protected EEOC activity. In his memorandum of law in opposition to the Defendant's motion for summary judgment the Plaintiff contended that the retaliatory conduct occurred in the cancellation of the 2001 housing manager positions, the cancellation of the 2002 housing manager position, and the temporary assignment of Victor Ramsey to the 2002 housing manager position on a detail.

The memorandum and order of the Court dated April 18, 2007, directly refers to the

cancellation of the 2001 position, and the temporary detail of Victor Ramsey to the 2002 position, but does not directly address the cancellation of the 2002 position, although it does find as a fact that the Defendant could not fill said position on a permanent basis because of the hiring freeze. Plaintiff seeks clarification as to whether the Court is entering judgment in favor of the defendant on his claim of reprisal as related to the decision to cancel the recruitment of the 2002 permanent housing manager position. Plaintiff urges the Court not to enter such a judgment in the defendant's favor because there was no affidavit or deposition testimony that the recruitment for the 2002 Housing Manager Position was cancelled because of the nationwide hiring freeze.

Plaintiff relies on the attached memorandum of law.

PLAINTIFF
Alan Bradley
By his Attorney

/s/ Joseph F. Hook

___________________________

Joseph F. Hook, RI Bar No 5418
294 Valley Road
Middletown, RI 02842
(401) 846-5200
Fax (401) 848-0984

CERTIFICATE OF SERVICE

I the undersigned certify that on this _15th__ of day of May 2007 , I served a copy of this motion for reconsideration and/or clarification to Dulce Donovan, Esq, Assistant US Attorney through the CM/ECF filing system.

/s/ Joseph F. Hook

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALAN BRADLEY<br>Plaintiff | : | |
| | : | CA 04-412ML |
| GORDON R. ENGLAND<br>Secretary of the US Navy<br>Defendant | : | |

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR RECONSIDERATION AND CLARIFICATION PURSUANT TO RULE 54(B)

Now comes the Plaintiff Alan Bradley in the above captioned matter who hereby moves this Honorable Court to reconsider its ruling contained on page 15 in which the Court found as a fact, that the Defendant could not fill the Housing Management Specialists position on that became vacant in May of 2002 on a permanent basis because a nationwide hiring freeze had gone in effect a month before. Plaintiff concedes that a Nationwide Hiring freeze had been in effect, as of April 2002 regarding Housing positions, however, the Plaintiff does does not concede that this nationwide hiring freeze was the reason the 2002 recruitment of the GS 7 Housing Manager position was cancelled in Newport Rhode Island.

In addition, the Plaintiff seeks clarification of the memorandum and order concerning Count IV of the Plaintiff's second amended complaint which alleged that Defendant has refused and continues to refuse to promote the Plaintiff because the Defendant was and is motivated by its dissatisfaction with the Plaintiff for engaging in protected EEOC activity. Plaintiff's Second Amended Complaint paragraph 37. In his objection to the Defendant's motion for summary

judgment, the Plaintiff argued that the Defendant retaliated against the Plaintiff for engaging in protected EEOC activity on three separate occasions. These included the cancellation of the 2001 housing manager positions, the cancellation of the 2002 housing manager position, and the temporary assignment of Victor Ramsey to the 2002 housing manager position on a detail.

The memorandum and order directly refers to the cancellation of the 2001 position, and the temporary detail of Victor Ramsey to the 2002 position, but does not directly address the cancellation of recruitment to permanently fill the 2002 position, although it does find as a fact that the Defendant could not fill the 2002 position on a permanent basis because of the hiring freeze, and that there is no evidence, nor could there be, that the Navy enacted a nationwide hiring freeze to avoid hiring Bradley as a GS 7 Housing Manager Specialists. Plaintiff seeks clarification as to whether the Court is entering judgment in favor of the defendant on his claim of reprisal as related to the decision to cancel the recruitment of the 2002 permanent housing manager position. Plaintiff urges the Court not to enter such a judgment in the Defendant's favor because there was no affidavit or deposition testimony that the recruitment for the permanent 2002 position was cancelled because of the nationwide hiring freeze.

A motion for reconsideration of an interlocutory order is governed by Rule 54(b) of the Civil Rules of Procedure. That Rule provides that orders that resolve fewer than all claims are "subject to revision at any time before the entry of [final] judgment". In Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 12, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983), our Supreme Court opined that "every order short of a final decree is subject to reopening at the discretion of the district judge." "District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. Marconi Wireless Telegraph Co. v. United States, 320 U.S. 1, 63 S. Ct. 1393, 87 L. Ed. 1731, 99 Ct. Cl.

815, 1943 Dec. Comm'r Pat. 781 (1943). An order of partial summary judgment is interlocutory in nature. See, e.g., 11 Moore's Federal Practice § 56.40[3] (Matthew Bender 3d ed.) ("A partial summary judgment order is interlocutory. . ."). Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment. See 12 Moore's Federal Practice § 60.23 ("Rule 60(b) does not govern relief from interlocutory orders . . . ."). This is because a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted. See Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir.1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment.").

However, because of the interest in finality, courts should grant motions for reconsideration sparingly." Courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) to correct a clear error of law or to prevent a manifest injustice. Rodriguez v. Tennessee Laborers Health & Welfare Fund, 89 Fed. Appx. 949, 959 (6th Cir. 2004)(citing Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)). See also ; Collison v. International Chem. Workers Union, Local 217, 34 F.3d 233, 236 (4th Cir.1994) [*7] (clear error of law because the district court failed to address a due process claim); Hayes v. Douglas Dynamics, 8 F.3d 88, 90 n.3 (1st. Cir.1993) (motion to reconsider presented no new information).

The issues the Plaintiff is seeking reconsideration on here were decided on summary judgment, hence that standard must be addressed. In Haes v. Douglas Dynamic, 8 F3rd 88 (1st Cir. 1993) the First Circuit held that the purpose of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." citing Garside v.

Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990) (quoting Fed. R. Civ. P. 56 Advisory Committee's Note). If the pleadings, depositions, answers to interrogatories, admissions and any affidavits on file show that there is no genuine issue as to a material fact, then the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. However, where, the moving party does not have the burden of proof at trial, that party must make a showing that the evidence is insufficient to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Once this showing has been made, it is up to the nonmoving party to establish the existence of a genuine disagreement as to some material fact. United States v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir. 1992 . In this context, "genuine" means that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party", and a "material fact" is one which "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

In this case, the motion for reconsideration is appropriate in order to prevent a manifest injustice or to correct a clear error of law because the Court’s finding of fact that the Defendant could not fill the 2002 housing manager position on a permanent basis because of the hiring freeze is not supported by any affidavit or other admissible evidence in the record. Although the plaintiff agrees that such a hiring freeze was in effect, he does not concede that this hiring freeze was the reason the 2002 recruitment for the Housing Manager position was cancelled. Furthermore, the defendant does not point to any affidavit, deposition testimony or other competent evidence that states that it could not fill the 2002 Housing Manager position on a permanent basis because of the April 2002 nationwide hiring freeze.

Alan Shannon was asked in his deposition whether notwithstanding the hiring freeze,

whether there was a process where that position could be filled not withstanding the hiring freeze? His testimony was equivocal and he stated that "it would be a long and arduous process if there was one. One that would take up more time and would be worth it just to say no. Just to get the word no back." Shannon deposition at page 26. Charles Silvia the director of housing in 2002, was asked why the Navy did not permanently fill the position that Laurie Bowers vacated. He provided reasons such as Housing is busiest in the summer, (Silvia depo. page 54) and talk of housing going to the private sector entirely (Silvia depo. Page 53). He never testified that the 2002 recruitment was cancelled because of the hiring freeze.

Mr. Silvia further testified that a Mr. Dennis Pucello who was in charge of the personnel office at Naval Station Newport would send out an advertisement or listing for a Housing Manager position only after going through a process in which the job had to be verified, the job description had to be verified, by the Northeast region, and the if the CO agreed with it, then it would go to . . . the personnel office. . . . . And then they would put it on a list of jobs to be checked to see if any one in a status to fill the job even before it went out to advertising . . . . And after that was satisfied they would send it to Philadelphia who would post the job. Silvia depo pages 55 and 56. Charles Silvia could not remember whether he requested that the 2002 Housing Manager position be filled at the end of Victor Ramsey's assignment, but he admitted that Dennis Pucello of Human Services, would initiate and advertisement and list a job only after this process had been completed, and a request to fill the position was made by the Housing Department. Silvia deposition 56 and 57.

Mr. Bradley filed and affidavit in this case in which he responded to an advertisement to fill a GS 7/9 Housing Manager position in November 2002 that was posted by Dennis Pucello. Attached to the affidavit is a copy of the e-mail he received from Dennis Pucello noticing the

recruitment. Mr. Bradley further stated that the positing was cancelled almost immediately after it was posted. No one has testified that this recruitment was cancelled because of the hiring freeze previously initiated in April 2002..

In this case, the Defendant did not allege that it could not permanently fill the 2002 Housing Manager position in Newport Rhode Island because of the nationwide hiring freeze, and no affidavit or deposition testimony was filed to that effect.[1] Further no affidavit or testimony was presented by the defendant that stated that the reason the 2002 position was filled only a temporary basis was because of the hiring freeze, and no testimony was presented by the defendant that the 2002 recruitment was cancelled was because of the hiring freeze.

Although the Plaintiff cannot prove, and does not contend, that the nationwide hiring freeze enacted by the Navy in April 2002 concerning GS 1173 positions was motivated to avoid hiring Bradley as a GS 7 Housing Manager Specialists, he does not concede that the Defendant's decision to cancel the 2002 Housing Manager recruitment in Newport, that was advertised for recruitment in November 2002 was because of the nationwide hiring freeze. No where in the Defendant's motion for summary judgment, does he point to an affidavit, deposition, or interrogatory answer that provides that the decision to cancel the 2002 recruitment and not permanently fill that position with a permanent employee was because of the nationwide hiring freeze.

Wherefore, the Plaintiff prays that this Honorable Court reconsider its ruling contained on page 15 in which the Court found as a fact, that the Defendant could not fill the Housing Management Specialists position on that became vacant in May of 2002 on a permanent basis

[1] The defendant does however, in its reply memorandum does ask whether the Plaintiff is suggesting that the nationwide hiring Freeze was motivated by a decision to hide discrimination against the Plaintiff. Defendant's reply memorandum at page 7.

because a nationwide hiring freeze had gone in effect a month before. In addition, the Plaintiff seeks clarification of the memorandum and order concerning Count IV of the Plaintiff's second amended complaint as to whether the Court is entering judgment in favor of the defendant on his claim of reprisal as related to the decision to cancel the recruitment of the 2002 permanent housing manager position. Plaintiff urges the Court not to enter such a judgment in the Defendant's favor because there was no affidavit or deposition testimony that the recruitment for the permanent 2002 position was cancelled because of the nationwide hiring freeze.

PLAINTIFF
Alan Bradley
By his Attorney

/s/ Joseph F. Hook

_____________________________

Joseph F. Hook, RI Bar No 5418
294 Valley Road
Middletown, RI 02842
(401) 846-5200
Fax (401) 848-0984

CERTIFICATE OF SERVICE

I the undersigned certify that on this _____ of day of May 2007 , I served a copy of the within memorandum of law in support of the plaintiff's motion for reconsideration and/or clarification to Dulce Donovan, Esq, Assistant US Attorney via the CM/ECF filing system.

/s/ Joseph F. Hook