**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ALAN BRADLEY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CA No. 04-412ML** |
| | : | |
| **GORDON R. ENGLAND, Secretary of the United States Department of the Navy,** | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant Gordon R. England, through undersigned counsel, hereby objects to Plaintiff's Motion for Reconsideration, for the reasons set forth in the attached Memorandum of Law.

Respectfully Submitted,

GORDON R. ENGLAND, Secretary,
United States Department of the Navy

By his Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
Chief, Civil Division
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: dulce.donovan@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ALAN BRADLEY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CA No. 04-412ML** |
| | : | |
| **GORDON R. ENGLAND, Secretary of the United States Department of the Navy,** | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

On April 18, 2007, the Court granted in part and denied in part Defendant's Motion for Summary Judgment. On May 15, 2007, Plaintiff moved for reconsideration of the Court's Order. After receiving a brief extension of time to respond to Plaintiff's motion, Defendant England files the instant objection. Plaintiff has not demonstrated that an intervening change in the law has occurred since the Court ruled on Defendant's Motion for Summary Judgment, pointed to newly discovered evidence or demonstrated that reconsideration of the Court's prior ruling is necessary to correct a clear error of law or prevent manifest injustice. See Jorge Rivera Surillo & Co. V. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994) (laying out standard for determining motions for reconsideration). Accordingly, his motion should be denied.

## II. ARGUMENT

### A. Standard for Motion for Reconsideration

"Motions for reconsideration are entertained by courts if they seek to correct manifest

errors of law or fact, present newly discovered evidence or when there is an intervening change in the law." Standard Quimica de venezuela, C.A. v. Central Hispano Int'l, Inc., 189 F.R.D. 202, 205 (D.P.R. 1999). "Motions for reconsideration may not be used by the losing party to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." Id. (internal quotations omitted).

### B. Bradley's Motion for Reconsideration Is a Rehash of Arguments He Previously Made

Bradley alleges in his complaint that the Navy discriminated against him based on his disability in three separate employment decisions. The first decision involved two Housing Manager Assistant positions for which he was not selected in September of 1999. The second decision involved a vacancy announcement for two Housing Manager Assistant positions that were announced in May of 2001 but were subsequently cancelled and never filled. The third decision involved the temporary detail of Victor Ramsey to a Housing Manager Assistant position in May of 2002. Bradley also asserts that the Navy retaliated against him based on his prior Equal Employment Opportunity (EEO) activity in connection with those employment decisions.

In moving for summary judgment, Defendant argued that summary judgment should enter for the Defendant because: (1) Bradley failed to exhaust his administrative remedies because he did not contact an EEO counsellor within 45 days of his non-selection for the September 1999 Housing position; (2) Bradley could not offer evidence that he was treated differently than the other applicants for the May 2001 jobs, because the positions were cancelled and no one was selected; (3) with respect to the cancellation of the 2001 vacancy announcements and the 2002

temporary detail of Ramsey to a housing management assistant position, Bradley could not show that the legitimate reasons offered by the Defendant were pretextual, and that the true reasons for the employment decisions were discriminatory; and (4) Bradley could not establish his retaliation claims, because, among other things, he could not demonstrate a causal link between his EEO activity and the cancellation of the 2001 vacancy announcements or the decision to temporarily detail Ramsey.

In opposing Defendant's motion, Bradley conceded that his claims regarding his non-selection for the 1999 positions were time-barred and could not be brought before this Court. Pl.'s Mem. in Oppos. to Def.'s Mot. ("Pl.'s Mem.") at 3. In ruling on Defendant's motion, the Court agreed that summary judgment should enter on Bradley's claim that Defendant discriminated against him and/or retaliated against him by not selecting him for the open housing positions in June of 2001. See April 18, 2007 Mem. and Order at 15, 17-18. The Court held, however, that summary judgment should not enter in Defendant's favor on Bradley's claim that the Navy's decision to temporarily assign Victor Ramsey to the vacant Housing Management Specialist position in May of 2002 was based on discriminatory or retaliatory animus. Id. at 17-19. In so ruling the Court noted the following:

> Bradley also argues that the Navy's decision not to permanently fill the vacant housing position in May of 2002 was somehow based on his physical disabilities. It is undisputed, however, that a Navy-wide hiring freeze took effect in April. There is no evidence, therefore, nor could there be, that the Navy enacted a nationwide hiring freeze to avoid hiring Bradley as a GS-7 Housing Management Specialist. Accordingly, Bradley has failed to generate a triable issue of fact.

Id. at 15 n.10. It is this finding that Bradley asks the Court to reconsider and/or clarify. Specifically, although Bradley agrees that such a hiring freeze was in effect, he does not concede

that this hiring freeze was the reason the 2002 recruitment for the Housing Manager position was cancelled. He also contends that Defendant has not pointed to any evidence which demonstrates that it could not fill the 2002 Housing Manager position on a permanent basis because of the April 2002 nationwide hiring freeze. Bradley is mistaken.

In conjunction with his motion for summary judgment, Defendant presented the deposition testimony of Captain Ruth Cooper. Paragraph thirty-two (32) of Defendant's Statement of Facts as to Which There is No Genuine Dispute cited to Cooper's deposition testimony as evidence that in April 2002, a Navy-wide hiring freeze was put into place for Housing positions in the GS 1173 series. See Def.'s Statement of Facts ¶ 32, Cooper Depo. 78, A 64. Indeed, Cooper Deposition Exhibit 8 states that "[e]ffective immediately hiring controls are in place for all 1173 series personnel." Attach. A, Cooper Dep. at 77, Ex. 8. The effective date of the freeze was April 30, 2002. Id. at 78. Plaintiff's counsel's questions to Cooper reflect his own understanding that the hiring freeze was in place by the summer of 2002. See Id. at 78-79, Ex. 4. This evidence was not disputed by Bradley in responding to summary judgment. In addition, Bradley does not now, nor has he ever, disputed the fact that the housing manager position for which for which he applied in November 2002 was in the 1173 series. See Bradley Att. Ex. 1.

In his motion for reconsideration, Bradley contends that this evidence does not demonstrate that the 2002 recruitment of which he received notice was cancelled because of the hiring freeze. He contends instead that the Court should infer discriminatory animus based on his affidavit testimony that the day after he responded to an advertisement to fill a GS 7/9 1173 Housing Manager position, the announcement was cancelled. Pl.'s Mem. in Supp. of Mot. for

Reconsideration at 7-8.

This is the same argument he made in objecting to Defendant's Motion for Summary Judgment. See Pl.'s Mem. in Supp. of Objection to Mot. for Summary Judgment at 13, 23. Bradley's suggestion that his response to a solicitation to fill a position for which a hiring freeze was in place and the subsequent cancellation of that solicitation evidences discrimination is far-reaching and is refuted by additional record evidence.[1] Karen Peckham, the Administrative Officer under Captain Cooper, testified that the actual recruitment for vacancies is done out of the Philadelphia Human Resources Center, not Newport. See Peckham Depo. at 15-16, SA 3-4. She specifically stated that under the recruitment procedures Newport does not even see the applications until Philadelphia sends them a certificate of eligible employees. Id. Even then, Newport only receives the applications filed by those on the list of eligibles. Id. Plaintiff has not, either now or in response to Defendant's Motion for Summary Judgment, suggested any set of facts under which those who allegedly discriminated against him in Newport could have known he had applied for the position the day after he submitted an application. His present arguments are the same he made in responding to summary judgment, and his present motion is merely a disagreement over the Court's ruling on this issue. Moreover, the additional deposition testimony of Charles Silvia and Alan Shannon to which he points was available to him at the time he objected to the summary judgment motion and does nothing to overcome the testimony

---

[1] In the instant motion, Plaintiff contends that the Defendant did not argue that he is entitled to summary judgment on Plaintiff's claim concerning the cancellation of the November 2002 vacancy announcement. Plaintiff made a similar point when responding to Defendant's motion for summary judgment, to which Defendant replied that such an argument was "implicit in our contention that the April 2002 freeze made it impossible to permanently fill the vacancy created when Bowers left." Def.'s Reply Mem. at 7 n. 6.

of Karen Peckham that Newport does not even see applications for employment until Philadelphia sends them a certificate of eligible employees. Accordingly, Bradley's Motion for Reconsideration and Clarification should be denied.[2]

## III. CONCLUSION

Wherefore, Defendant respectfully requests that the Court deny Plaintiff's Motion for Reconsideration and Clarification.

Respectfully Submitted,

GORDON R. ENGLAND, Secretary,
United States Department of the Navy

By his Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
Chief, Civil Division
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: dulce.donovan@usdoj.gov

[2] To the extent Plaintiff's current motion seeks clarification of the Court's Order, no clarification is required. Defendant argued his entitlement to summary judgment on any claim by Bradley that he suffered discrimination as a result of the decision not to permanently fill the vacant housing position in May of 2002, Plaintiff addressed those arguments in his objection and the Court ruled on the issue stating "Bradley has failed to generate a triable issue of fact." April 18, 2005 Mem. and Order at 15 n. 10.

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 14th day of June, 2007, I electronically filed the within Defendant's Objection to Plaintiff's Motion for Reconsideration and supporting Memorandum, with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF System. The following participant(s) have received notice electronically:

Joseph F. Hook, Esq.
294 Valley Road
Middletown, RI 02842

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
Chief, Civil Division
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: dulce.donovan@usdoj.gov