UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALAN BRADLEY | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| | : | CA 04-412ML |
| | : | |
| | : | |
| GORDON R. ENGLAND | : | |
| Secretary of the US Navy | : | |
| Defendant | : | |

PLAINTIFF'S OBJECTION TO THE COURT'S REMOVAL OF THIS CASE FROM THE JURY TRIAL CALENDAR

Now comes the Plaintiff Alan Bradley in the above captioned matter who hereby objects to this Honorable Court's removal of this case from the Jury trial calender, and the assignment of this case to a bench trial.

As grounds hereof, the Plaintiff relies upon the attached memorandum of law.

PLAINTIFF
Alan Bradley
By his Attorney

/s/ Joseph F. Hook

Joseph F. Hook, RI Bar No 5418
294 Valley Road
Middletown, RI 02842
(401) 846-5200
Fax (401) 848-0984

CERTIFICATE OF SERVICE

I the undersigned certify that on this 20th day of June 2007, I served a copy of the within

objection to Assistant US Attorney Dulce Donovan through the CM/ECF system.

/s/ Joseph F. Hook

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

ALAN BRADLEY :
Plaintiff :
:
:
: CA 04-412ML
:
:
GORDON R. ENGLAND :
Secretary of the US Navy :
Defendant :

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO THE COURT'S REMOVAL OF THIS CASE FROM THE JURY TRIAL CALENDAR

The Plaintiff objects to the Court's removal of this case from the jury trial calendar and assigning this matter to a bench trial. As grounds hereof, the Plaintiff brought this case alleging disability discrimination and retaliation in violation of section 501 of the rehabilitation act. 29 USC section 791. In his complaint the Plaintiff demanded a jury trial. Congress created a private right of action to enforce section 501 by making Title VII remedies available to an employee with respect to a complaint under this title. 29 USC section 794a(a)(1); Rivera v. Heyman, 157 F.3rd 101, 103 (2nd Cir. 1998).

In 1991 Congress amended Title VII to permit federal employees who are victims of intentional employment discrimination to recover compensatory damages. 42 USC 1981a(a)(2). In addition Congress provided that any pary who seeks compensatory or punitive damages under 42 USC 1981a may demand a trial by jury. 42 USC 1981a(c).

The United States Supreme Court has ruled that a federal employee may recover compensatory damages in an EEOC adminstrative proceeding, and has ruled that compensatory

damages may be awarded in favor of a federal employee and against a government agency. West v. Gibson, 527 U.S. 212; 119 S. Ct. 1906; 144 L. Ed. 2nd 196 (1999). In that case, the Supreme Court discussed the right of the jury trial under 42 USC 1981a. The Court stated: "One easily can read the jury trial provision in § 1981a ( c ) as simply guaranteeing either party a jury trial in respect to compensatory damages if a complaining party proceeds to court under § 717 ( c ). The words "under this section" in § 1981a ( c) upport that interpretation, for "this section," § 1981a, refers primarily to court proceedings. And there is no reason to believe Congress intended more. The history of the jury trial provision suggests that Congress saw the provision primarily as a benefit to complaining parties, not to the Government." Id.

In this case the Plaintiff, a federal employee, alleges that he was a victim of intentional discrimination and retaliation, who seeks compensatory damages. Pursuant to 42 USC 1981a, he is entitled to a jury trial.

PLAINTIFF
Alan Bradley
By his Attorney

/s/ Joseph F. Hook

Joseph F. Hook, RI Bar No 5418
294 Valley Road
Middletown, RI 02842
(401) 846-5200
Fax (401) 848-0984

CERTIFICATE OF SERVICE

I the undersigned certify that on this 20th day of June 2007, I served a copy of the within memorandum of law to Assistant US Attorney Dulce Donovan through the CM/ECF system.

/s/ Joseph F. Hook