IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALAN BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CA No. 04-412ML |
| | ) | |
| GORDON R. ENGLAND, Secretary of the United States Department of the Navy, | ) | |
| | ) | |
| Defendant. | ) | |

**ATTACHMENT B: DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

**Proposed Jury Instruction No. 1**

In this case, the Plaintiff Alan Bradley claims that the Defendant United States Department of the Navy ("Navy") discriminated against him by not selecting him for a temporary, six-month Housing Manager position because he had a "disability" within the meaning of a federal law called the Rehabilitation Act of 1973. Plaintiff also contends that the Navy retaliated against him based on his involvement in a protected activity.

The Navy denies that it discriminated against Mr. Bradley in any way. The Navy asserts that it did not select Mr. Bradley for the temporary, six-month Housing Management position because Bradley was then a staff employee in the Public Works Department, which was undergoing a privatization study, and placing him in a temporary position would put his Public Works position at risk.

**Proposed Jury Instruction No. 2**

**Proof of Intent**

The Plaintiff must show that the Defendant intentionally discriminated against him. Discrimination is intentional if it is done voluntarily, deliberately, and willfully, and not by accident, inadvertence or other reason. Plaintiff, however, is not required to produce direct evidence of discrimination. Intentional discrimination may be inferred from the existence of other facts, from circumstantial or indirect evidence. You may consider statements made, acts done or omitted and all facts and circumstances which show whether or not the Defendant acted intentionally and not by accident.

Adapted from Devitt, Blackmar, and Wolf, Federal Jury Practice and Instructions § 106.06 (1987) and § 104.04 (4th ed. Supp. 1993).

**Proposed Jury Instruction No. 3**

**Disability Discrimination**

______Under the Rehabilitation Act, it is unlawful for an employer to discriminate against an employee because of that employee's disability if the employee is qualified to do the job.

In deciding whether or not the Defendant intentionally discriminated against the Plaintiff because of his alleged disability, you should first consider whether the Plaintiff has established the following elements by a preponderance of the evidence:

(1) Plaintiff is a disabled person;

(2) Plaintiff is a person otherwise qualified;

(3) Defendant intentionally discriminated against Plaintiff, that is, the fact that Plaintiff was a qualified person with a disability was a motivating factor in the Defendant's decision not to select Plaintiff; and

(4) As a direct result of Defendant's actions, Plaintiff sustained damages.

See O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 172.20 (5th ed. 2007).

**Proposed Jury Instruction No. 4**

**Retaliation Discrimination**

The Plaintiff also claims that the Defendant discriminated against the Plaintiff because Plaintiff opposed a practice made unlawful by the Rehabilitation Act.

In order to prevail on this claim, the Plaintiff must show all of the following:

(1) Plaintiff engaged in conduct protected by the Rehabilitation Act;

(2) Plaintiff was subjected to an adverse employment action at the time, or after, the protected conduct took place; and

(3) Defendant took an adverse employment action against the Plaintiff because of Plaintiff's protected conduct.

Adapted from O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 172.24 (5th ed. 2007).

**Proposed Jury Instruction No. 5**

**Indirect evidence of Intentional Discrimination: Disability**

In deciding whether or not the Defendant intentionally discriminated against the Plaintiff because of his alleged disability you should first consider whether the plaintiff has established the following facts:

(1) Plaintiff is a member of a protected class, i.e., that he was disabled;

(2) Plaintiff applied for an open position;

(3) Plaintiff was not selected; and

(4) Defendant hired another individual with similar qualifications who was not handicapped.

See Clifford v. Barnhart, 449 F.3d 276, 281 (1st Cir. 2006).

If the Plaintiff has failed to establish one or more of these facts, you must find for the Defendant. If the Plaintiff establishes these facts, then the Defendant has an opportunity to produce legitimate, nondiscriminatory reasons for the action. If the Defendant fails to articulate a non-discriminatory reason, you must find for the Plaintiff. If the Defendant has articulated a legitimate, non-discriminatory reason for its action, you must find for the Defendant, unless the Plaintiff has proved that the non-discriminatory reason offered by the Defendant to explain its action against the Plaintiff was false and pretextual, that is, it disguised an underlying intent to discriminate on the basis of disability. In order to enter a verdict against the Defendant, the Plaintiff must prove that the Defendant intentionally discriminated. It is not enough to believe that the non-discriminatory reason offered by the Defendant for its action is not the true reason it took that action; you must be persuaded that the actual reason for the action was discrimination

because of Plaintiff's disability. Ultimately, the Plaintiff bears the burden of persuading you, by a preponderance of the evidence, that the action was taken because of Plaintiff's disability.[1]

[1] See St. Mary's Center v. Hicks, 113 S. Ct. 2742, 2749-50 (an employee is not entitled to a judgment as a matter of law merely because the non-discriminatory reasons articulated by the employer are false; the plaintiff bears the burden of persuading the factfinder that the Defendant was motivated by discrimination).

**Proposed Jury Instruction No. 6**

**Indirect evidence of Intentional Discrimination: Retaliation**

In deciding whether or not the Defendant intentionally discriminated against the Plaintiff through retaliation you should first consider whether the plaintiff has established the following facts:

(1) Plaintiff engaged in protected conduct;

(2) Plaintiff experienced an adverse employment action; and

(3) A causal connection existed between the protected conduct and the adverse employment action.

See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 25 (1st Cir. 2004).

If the Plaintiff has failed to establish one or more of these facts, you must find for the Defendant. If the Plaintiff establishes these facts, then the Defendant has an opportunity to produce legitimate, nondiscriminatory reasons for the action. If the Defendant fails to articulate a non-discriminatory reason, you must find for the Plaintiff. If the Defendant has articulated a legitimate, non-discriminatory reason for its action, you must find for the Defendant, unless the Plaintiff has proved that the non-discriminatory reason offered by the Defendant to explain its action against the Plaintiff was false and pretextual, that is, it disguised an underlying intent to discriminate on the basis of retaliation. In order to enter a verdict against the Defendant, the Plaintiff must prove that the Defendant intentionally discriminated. It is not enough to believe that the non-discriminatory reason offered by the Defendant for its action is not the true reason it took that action; you must be persuaded that the actual reason for the action was discrimination because retaliation. Ultimately, the Plaintiff bears the burden of persuading you, by a

preponderance of the evidence, that the action was taken because of retaliation.[2]

[2] See St. Mary's Center v. Hicks, 113 S. Ct. 2742, 2749-50 (an employee is not entitled to a judgment as a matter of law merely because the non-discriminatory reasons articulated by the employer are false; the plaintiff bears the burden of persuading the factfinder that the Defendant was motivated by discrimination).

**Proposed Jury Instruction No. 7**

**Definition of "Disability"**

The first fact that the Plaintiff must prove by a preponderance of the evidence is that he had a "disability." An individual with a "disability" is a person who (1) has a physical or mental impairment that substantially limits one or major life activities; (2) has a record of such an impairment or (3) is regarded as having such an impairment. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 20 (1st Cir. 2004); O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 172.30 (5th ed. 2007). I will define these terms for you.

Not every impairment is a disability and merely having an impairment does not make one disabled. Toyota v. Williams, 122 S. Ct. 681, 690 (2002).

**Proposed Jury Instruction No. 8**

**Definition of "impairment"**

______An "impairment" may be a physiological disorder or condition or a mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities. Albertsons, Inc. V. Kirkingburg, 527 U.S. 555 (1999); Mastczak v. Frankford Candy & Chocolate Co., 136 F.3d 933 (3rd Cir. 1997).

**Proposed Jury Instruction No. 9**

**Definition of "major life activity"**

A "major life activity" is an activity that an average person can perform with little or no difficulty. It refers to those activities that are of central importance to daily life. Toyota v. Williams, 122 S. Ct. 681, 691 (2002). Examples are caring for oneself, performing manual tasks, walking, talking, seeing, hearing, breathing, learning, and working. Sutton v. United Air Lines, Inc., 527 U.S. 471 (1999); Bragdon v. Abbott, 524 U.S. 624 (1998).

"To be substantially limited in a major life activity an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." Toyota v. Williams, 122 S. Ct. 681, 691 (2002).

An impairment substantially limits one or more major life activities if an individual is unable to perform an activity, or is significantly limited in the ability to perform an activity, compared to an average person in the general population.

Three factors you should consider in determining whether the Plaintiff's alleged impairment substantially limits a major life activity are (1) the alleged impairment's nature and severity; (2) how long it will last or is expected to last; and (3) its permanent or long term impact, or expected impact. Albertsons, Inc. V. Kirkingburg, supra; Sutton v. United Airlines, Inc., supra; Murphy v. United Parcel Service, Inc., 527 U.S. 516 (1999); Bragdon v. Abbott, supra.

**Proposed Jury Instruction No. 10**

**Definition of "Record of Disability"**

The second definition of disability that a Plaintiff may satisfy in order to be considered as a disabled person is that the Plaintiff proves by a preponderance of the evidence that he has " a record of disability." This means that Plaintiff has proven by a preponderance of the evidence that he has a history of, or has been classified (or misclassified) as having, a mental or physical impairment that substantially limits one or more major life activities and that the Defendant was aware of the record. If you find that Plaintiff did not provide sufficient documentation to establish his record of disability, or that he did not prove by a preponderance of the evidence that Defendant knew of this record of disability, you must find for Defendant in regard to his claim of discrimination on the basis of having a record of a disability. See 29 C.F.R. § 1614.203(x)(1); 29 CRR App. § 1630.2(k); Olson v. General Elec. Astrospace , 101 F.3d 947, 953 (3d Cir. 1996) Adapted from 29 C.F.R. § 1614.203(x)(4); Colwell v. Suffolk County Police Dent., 158 F.3d 635, 645 (2d. Cir. 1998), cert. denied, 526 U.S. 1018 (1999).

**Proposed Jury Instruction No. 11**

**Definition of "Regarded as Disabled"**

______The third and final definition of disability that a Plaintiff may satisfy in order to be considered as a disabled person is that the Plaintiff proves by a preponderance of the evidence that Defendant "regarded him" as having an impairment that substantially limited one or more major life activities. Under the Rehabilitation Act, a person is "regarded as" having a disability if: (1) the employer believes that the person has a physical or mental impairment that substantially limits his ability to [describe relevant activity]; or (2) The employer believes that an actual impairment substantially limits his ability to [relevant activity] when it does not, because of the attitude that others have about the impairment; or (3) The person does not have any impairment, but the employer treats him as having an impairment that substantially limits his ability to [relevant activity].

Fed. Civ. Jury Instr. 7th Cir. 4.04 (2005)

**Proposed Jury Instruction No. 12**

In this case, Mr. Bradley claims he was substantially impaired in the major life activity of ____________. To prove that he was regarded as substantially impaired in the majority life activity of __________, he must prove by a preponderance of the evidence that he was regarded as having a significant restriction in his ability to perform a class of jobs or a broad range of jobs in various classes. The inability or the perceived inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. Toyota v. Williams, supra; Sutton v. United Airlines, Inc., supra.

**Proposed Jury Instruction No. 13**

**Second Element: "Qualified"**

The second element of a claim under the Rehabilitation Act is that Plaintiff is otherwise qualified for the job to which he applied.

The term "qualified individual with a disability" means an individual with a disability who can perform the essential functions of the employment position to which Plaintiff has applied. You should give consideration to, but are not bound by, the Defendant's judgment as to what functions of the job are essential. O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 172.31 (5th ed. 2007).

**Proposed Jury Instruction No. 14**

**Definition of "Essential job functions"**

The term "essential job functions" means the fundamental job duties of the employment position for which the Plaintiff has applied. The term "essential functions" does not include the marginal functions of the position.

Along with all the other evidence in the case, you may consider the following in determining the essential functions of an employment position:

(1) Defendant's judgement as to which functions are essential;

(2) Written job descriptions prepared for advertising or used when interviewing applicants for the job;

(3) The amount of time spent on the job performing the function in question;

(4) The consequences of not requiring the person to perform the function;

(5) The terms of a collective bargaining agreement if one exists;

(6) The work experience of persons who have held the job; and

(7) The current work experience of persons in similar jobs.

O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 172.33 (5th ed. 2007).

**Proposed Jury Instruction No. 15**

**Business Judgement**

You should be mindful that the law applicable to this case requires only that an employer may not discriminate against an employee because of the employee's disability or because of retaliation

The Defendant may refuse to select or otherwise adversely affect an employee, including the Plaintiff, for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead to you substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

See O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 172.64 (5th ed. 2007).

**Proposed Jury Instruction No. 16**

**Direct threat**

An employer may discriminate by applying a qualification standard insisting that an individual not pose a "direct threat to the health or safety of other individuals in the work place." A "direct threat" is a significant risk to the health or safety of others that cannot be eliminated by reasonable accommodation.

O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 172.38 (5th ed. 2007).

## Proposed Jury Instruction No. 17

**Legitimate, Non-discriminatory Reason**

If you find that the Plaintiff has satisfied his burden of showing intentional discrimination, then the Defendant may rebut this claim of discrimination by proving by a preponderance of the evidence that it had a legitimate, non-discriminatory reason for the adverse action.

See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)

**Proposed Jury Instruction No. 18**

**Plaintiff's Burden to Show Pretext**

The Plaintiff has the burden of casting doubt on the Defendant's articulated reasons for Plaintiff's non-selection. The Plaintiff has the burden of proving by a preponderance of the evidence that the Defendant's non-discriminatory reasons for taking the action were a pretext and that discriminatory motives were the determining factor behind the Defendant's actions. 29 U.S.C. § 791(a); Farley v. Nationwide Mutual Inc, 197 F.3d 1322 (11th Cir. 1999); Baird v. Rose, 192 F.3d 462, 468-69 (4th Cir. 1999). This element is not satisfied if you find that the Defendant would have taken the same action against the Plaintiff in the absence of his disability or in the absence of the alleged retaliation. If the Plaintiff fails to show that the Defendant's actions were motivated by discriminatory animus, you must find for the Defendant.

See also McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)

**Proposed Jury Instruction No. 19**

**Compensatory Damages**

If you find that the Defendant discriminated against the Plaintiff based on Plaintiff's disability or based on retaliation, then you must determine an amount that is fair compensation for Plaintiff's damages. You may award compensatory damages only for injuries that Plaintiff proves were caused by the Defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation-no more and no less.

You may award damages for any pain, suffering or mental anguish that Plaintiff experienced as a consequence of the Defendant's discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been, or needs to be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that the Plaintiff prove the amount of the Plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions § 172.70 (5th ed. 2007).

**Proposed Jury Instruction No. 20**

**No Punitive Damages Against The Government**

______Punitive damages, which are damages designed to punish a wrongdoer for illegal activities, cannot be assessed against a governmental entity such as the Navy. Therefore, your deliberations on damages should not include any notion of punishment against Defendant. 42 U.S.C. § 1981a (b) (1); see e.g., Baker v. Runyon, 114 F.3d 668 (7th Cir. 1997), cert. denied, 525 U.S. 929 (1998); Henderson v. Henderson, CIV A. 99-4323, 2000 WL 567422 (E.D. Pa. May 10, 2000); Crumpton v. Runyon, CIV A. 97-3814, 1998 WL 125547 at *4 (E.D. Pa. March 19, 1998); Robinson v. Runyon, 149 F.3d 507 (6th Cir. 1998); Bartholomew v. Henderson, Civil Action No. 98-1477, slip op. At 6-7 (W.D. Pa. June 23, 2000) (Lee, J.).

**<u>Proposed Jury Instruction No. 21</u>**

**Nominal Damages**

If you find, that Defendant violated Plaintiff's rights but that he suffered no injury, you may award "nominal damages." Nominal damages may not be awarded for more than a token sum, usually one dollar. You should award nominal damages if you conclude that the only injury that Plaintiff suffered was the deprivation of his rights under the discrimination laws, without any physical, emotional or financial damage. You may also award nominal damages if you find that some injury resulted, but you are unable to compute the monetary damages except by engaging in pure speculation and guessing. You may not award both nominal and compensatory damages. If Plaintiff was measurably injured, you must award compensatory damages; if he was not, you may award nominal damages. Adapted from Sand, Modern Fed. Jury Instructions (Civil), Instruction 77-6 (1998).