UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

ALAN BRADLEY :
Plaintiff :

v. : CA 04-412ML

GORDON R. ENGLAND :
in his Capacity as :
Secretary of the US Navy :
Defendant :

PLAINTIFF'S LIST OF EXHIBITS

1. Affidavit of Captain Ruth Cooper dated August 16, 2002. (Demonstrates knowledge of Plaintiff's prior EEOC activity, knowledge of plaintiff impairments; demonstrates that Plaintiff was considered to be placed in the housing manager position on a temporary basis; demonstrates Charles Silvia's knowledge of Plaintiff prior EEOC activity).

2. EEOC settlement agreement dated January 24, 2001. (Demonstrates plaintiff's prior EEOC activity, and defendants knowledge of his prior EEOC activity.

3. Letter from Captain Cooper dated August 28, 2002. (Demonstrates that plaintiff was seeking to be placed in Housing Manager position; demonstrates pre-text).

4. Plaintiff's counsel's letter dated June 26, 2002 to Captain Cooper. (Demonstrates plaintiff efforts to enforce a prior EEOC agreement; also demonstrates plaintiff's efforts to fill the Housing Manager position in the summer of 2002).

5. Affidavit of Charles Silvia dated August 16, 2002 ) (Demonstrates knowledge of Plaintiff's prior EEOC activity, knowledge of plaintiff impairments; demonstrates that Plaintiff was considered to be placed in the housing manager position on a temporary basis; demonstrates pre-text as to why housing manager position could not be filled temporarily).

6. SITREP for the week ending June 15, 2001 prepared by Charles Silvia. (Demonstrates cancellation of 2001 housing manger recruitment, and decision to fill needs with temporary contract workers.).

7. E-Mail from Laurie Bowers to Alan Bradley dated May 16, 2002 advising Alan Bradley that she was taking a new position (plaintiff will offer testimony that on prior to May 16, 2002 Laurie Bowers was a Housing Manager; this e-mail is relevant because it demonstrates that there was a new housing manager vacancy in the Spring of 2002, that the Director of Housing, Charles Silvia likely knew about, as of May 16, 2002)

9. E-Mail dated May 21, 2002 from Charles Silvia to Margaret Flynn Sams, EEOC investigator responding to request for information as to why the 2001 positions were cancelled. (This is relevant because it demonstrates Charles Silvia knowledge of Plaintiff's EEOC activity, and his prior settlement agreement (at least as of May 21, 2002) also the e-mail was sent at a time when Mr. Silvia knew that there was a new vacancy in the housing department that occurred as a result of Laurie Bowers taking a job with Boost.

10. E-MAIL from Charles Silvia to Captain Cooper dated May 28, 2002 (demonstrates

assignment of Victor Ramsey to Green Lane Housing Manager for 190 days effective June 1, 2002; this is contemporaneous with the Laurie Bowers taking a position with Boost, and shortly after the correspondence by Charles Silvia dated May 21, 2002 to the EEOC Investigator regarding Alan Bradley's settlement)

11. Merit Staffing Certificate signed by Robert Corey dated August 10, 1999. (Demonstrates qualification of Alan Bradley to the position of Housing Manager Assistant.

12. Rating Sheet dated July 26, 1999 executed by Mary Thompson. (Demonstrates that plaintiff was highly qualified for the position of assistant housing manager by the Defendant.)

13. Job Announcement for the Spring 2001 positions that were cancelled (relevant for purpose of description of the job of assistant housing manager and whether Plaintiff was qualified for the position.)

14. Housing Manager GS 7 1173 series job opportunity announcement dated June 23, 1999. (Demonstrates job duties/ and qualifications for Assistant Housing Manager).

15. Memorandum of Richard Evans dated July 26, 2001. (Memo of July 26, 2001 meeting with between Alan Bradley and Captain Cooper wherein Mr. Bradley wherein Alan Bradley accused Captain Cooper of breaching the settlement agreement; and Captain Cooper directed that Alan Bradley's job description be rewritten to that of a GS 7; relevant to demonstrate that Mr.

Bradley was seeking placement in the housing Manager position corporate emotional distress and mental anguish suffered by Plaintiff; relevant to demonstrate that promises to Mr. Bradley were not kept.)

16. Memo of Richard Evans dated April 26, 2002 (follow up memorandum on compliance with Captain Cooper's directive from July 26, 2001; relevant to demonstrate that promises to Mr. Bradley were not kept.)

17. E-Mail correspondence from Dennis Pucello to DLNSPTALLHAND dated November 20, 2002, and November 21, 2002 announcing recruitment for Housing Manager Assistant position GS 1173 at GS 7 level, and then canceling the recruitment. (Demonstrates Charles Silvia efforts to fill recruitment in fall of 2002; demonstrates need to fill a housing manager position, at least temporarily in the fall of 2002).

18. Collective bargaining agreement between Naval Station Newport and NAGE/SEIU national association of government employees service employees international union. (Demonstrates promotional policies and procedures for temporary assignments and details.)

19. Medical records of Dr. Robert Carellas regarding Alan Bradley.

20. EEOC Affidavit of James Allen dated August 16, 2002. (Corroborates testimony of James Allen and Alan Bradley regarding meeting with Captain Cooper in July 2001)

PLAINTIFF

Alan Bradley

By his Attorney

/s/ Joseph F. Hook

_______________________________

Joseph F. Hook, RI Bar No 5418
294 Valley Road
Middletown, RI 02842
(401) 846-5200
Fax (401) 848-0984

CERTIFICATE OF SERVICE

I the undersigned certify that on this 22 day of June 2007 , I served a copy of the within on Dulce Donovan through the Court CM/ECF System.

/s/ Joseph F. Hook