IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALAN BRADLEY, Plaintiff, | ) | |
| v. | ) | C.A. No. 04-412ML |
| GORDON R. ENGLAND, Secretary of the United States Department of the Navy, Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE RELATED TO HIS ALLEGATIONS THAT THE NAVY DISCRIMINATED AGAINST HIM PRIOR TO 2002**

Defendant Gordon England, Secretary of the United States Department of the Navy ("Navy"), by and through his attorneys, moves in limine to preclude Plaintiff Alan Bradley ("Bradley") from introducing evidence of alleged discrimination and retaliation that Bradley contends occurred prior to 2002 and that is therefor immaterial to the surviving claims in this case. In support of its motion, the Navy relies on the accompanying memorandum of law filed herewith.

Respectfully submitted,
GORDON R. ENGLAND, SECRETARY OF THE NAVY,
By his Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
Chief, Civil Division

RICHARD MYRUS

Assistant U.S. Attorney
Civil Division
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: dulce.donovan@usdoj.gov

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 26th day of June, 2007, I caused to be electronically filed the within Defendant's Motion In Limine with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF System. The following participant has received notice electronically:

Joseph F. Hook,Esq.,
294 Valley Road
Middletown, Rhode Island 02842

/s/ Dulce Donovan
Dulce Donovan
Assistant U.S. Attorney
Chief, Civil Division
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: dulce.donovan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALAN BRADLEY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-412ML |
| | ) | |
| GORDON R. ENGLAND, Secretary | ) | |
| of the United States Department | ) | |
| of the Navy, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE RELATED TO HIS ALLEGATIONS THAT THE NAVY DISCRIMINATED AGAINST HIM PRIOR TO 2002**

## I. INTRODUCTION

Defendant Gordon England, Secretary of the United States Department of the Navy ("Navy"), submits this memorandum in support of the Navy's motion in limine to preclude Plaintiff Alan Bradley ("Bradley") from introducing evidence of alleged discrimination and retaliation that Bradley contends occurred prior to 2002. This evidence is immaterial to Bradley's surviving claims, because in granting in part the Navy's motion for summary judgment, the Court ruled that only two liability issues remain: (1) whether the Navy's nonselection of Bradley for a temporary assignment as the Green Lane Housing Manger in May 2002 was discrimination based on Bradley's physical disabilities, and (2) whether that nonselection was retaliation for his prior EEO activity. Indeed, Bradley concedes in his Pretrial Memorandum that "the remaining issues to be litigated is [sic] whether the Defendant engaged in disability discrimination and/or reprisal

discriminations when it failed to place the Plaintiff in the position of Housing Manger on a temporary basis . . . ." (Plaintiff's Pre-Trial Memorandum at 1).

In an obvious effort to circumvent the Court's summary judgment ruling, which delineated the scope of Bradley's surviving claims, Bradley now seeks to offer at trial extensive testimony that the Navy breached a 2001 settlement agreement. Bradley also proposes to offer evidence that the Navy discriminated and retaliated against him by not selecting him for positions in 1999 and 2001. The Court, however, rejected exactly these allegations at summary judgment:

> (1) "Bradley has failed to generate a triable issue that his non-selection by the Navy for the open Housing Management Specialist positions in June of 2001 was motivated by discriminatory animus;" and
>
> (2) "Bradley's claim of retaliation based on the Navy's decision to cancel the GS-7/GS-9 Housing Management Specialist positions on June 21, 2001 must fail as a matter of law.

(Summary Judgment Memorandum and Order dated April 18, 2006, at 14-15 and 18). Moreover, at the summary judgment hearing, Bradley conceded that his claims for breach of the settlement agreement and for disability discrimination based on his nonselection for various positions in 1999 should be dismissed. (Id. at 8 n. 3).

Having lost on these claims previously, Bradley is not entitled to disregard the Court's summary judgment ruling and raise them anew under the guise of background evidence for his remaining claims, which are limited to events in 2002. Bradley's attempt to rehash allegations that the Court has already rejected as a matter of law is inefficient and a patent effort to overwhelm the jury with issues that are no longer part of the case.

## II. BACKGROUND

In January 2005, Bradley filed his Second Amended Complaint in this case. Bradley alleged:

(1) Breach by the Navy of the January 24, 2001 Settlement Agreement between him and the Navy, (Second Amended Compl., Count I);

(2) Discrimination by the Navy in not selecting Bradley to fill a Housing Manger position that he applied for in December 1999, (Second Amended Compl., Count II);

(3) Discrimination by the Navy in not selecting Bradley for GS-7/GS-9 Housing Manager positions or a GS-11 position in 2001, (Second Amended Compl., Count III);

(4) Discrimination by the Navy in not selecting Bradley for a temporary Housing Manager position vacated by Laurie Bowers in Spring 2002, (Second Amended Compl., Count III);

(5) Retaliation by the Navy for not selecting Bradley for GS-7/GS-9 Housing Manger Positions in 2001, (Second Amended Compl., Count IV); and

(6) Retaliation by the Navy for not selecting Bradley to fill the temporary position created by Bowers's departure, (Second Amended Compl., Count IV).

The Navy moved for summary judgment. At the summary judgment hearing on December 4, 2006, Bradley conceded that Count I (breach of contract) and Count II (discrimination by the Navy in not selecting him for the position that led to the settlement agreement) should be dismissed. (Summary Judgment Memorandum and Order dated April 18, 2006, at 14-15 and 18 ("Summary Judgment Order")). The Court subsequently granted in part the Navy's motion, thus substantially limiting the issues for trial. Specifically, the Court ruled that the Navy's decision not to select Bradley for the open positions in 2001 constituted neither discrimination nor retaliation. (Id.). In short, all that remains for trial are Bradley's narrow allegations of discrimination and retaliation relating to the Navy's decision not to select Bradley for the temporary Housing Manager position in 2002.

In disregard of the Court's Summary Judgment Order, which he unsuccessfully moved the Court to reconsider, Bradley now proposes to have a bevy of witnesses testify about the allegations in the counts of his Second Amended Complaint that have been dismissed. Thus, Bradley now predicts that it will take him a full week to present his case to the jury. (Plaintiff's Pre-Trial Memorandum at 6). Specifically, Bradley intends to testify about "being passed over for the two Housing Manger positions in 1999, that led to his bringing an EEOC complaint, which in turn resulted in a settlement with Defendant in January 2001 . . . ." (Plaintiff's Pre-Trial Memorandum at 2). Indeed, despite the Court's unequivocal ruling that Bradley's allegation of discrimination based on his nonselection for the open housing positions in 1999 is dismissed, (Summary Judgment Order at 8 n. 3), Bradley now asserts that he will testify at length about the allegations in the 2001 EEOC Complaint that he filed regarding the 1999 positions. (Plaintiff's Pre-Trial Memorandum at 2).

In addition, Bradley asserts that other witnesses will testify as to the Navy's reasons for not selecting him to fill the GS-7/GS-9 positions in 2001, although at summary judgment the Court rejected his discrimination and retaliation claims regarding those job positions. (See, e.g., Plaintiff's Pre-Trial Memorandum at 4-7). For example, Bradley expects to have Charles Silvia testify that "vacancy announcements were made following the two retirements in the Spring of 2001 and advertisements went out to fill the positions at both GS 7 and 9 level. He will testify that it was his decision to cancel the positions after a meeting with Jana Hubner." (Id. at 4). Similarly, Bradley hopes to have James Allen offer extraneous testimony that "on July 12, 2001, Captain Cooper met with the applicants for the GS-7/GS-9 Housing Manager positions, including Alan Bradley, to advise them that the positions were being cancelled and that the positions were

going out to contract." (Plaintiff's Pre-Trial Memorandum at 6). Last, Bradley intends to offer the testimony of Robert Corey as to events that transpired "in the summer 1999" only. (Id. at 5). Corey left the Navy's employ in 2000 and lacks personal knowledge of any facts relevant to the 2002 temporary position now at issue.

## III. ARGUMENT

The Supreme Court has encouraged the use of summary judgment to resolve disputes and to simplify issues before trial. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" Celotex v. Catrett, 477 U.S. 317, 327 (1986). Where the movant is entitled to judgment as a matter of law, the court should utilize the procedure of Fed. R. Civ. P. 56 to avoid unnecessary expense to the parties and wasteful utilization of judicial resources. Barmag Barmer Maschinenfabrik AG .v Murata Machinery, Ltd., 731 F.2d 831, 835 (Fed. Cir. 1984).

Here, Bradley's

| | | | |
|---|---|---|---|

attempt to offer evidence on issues that are no longer in the case is grossly inefficient, undermines the salutary purpose of summary judgment and is plainly an effort to present to the jury indirectly claims that the Court already has ruled he cannot pursue as a matter of law.[1] The

[1] Bradley is likely to contend that he should be permitted to introduce evidence of Bradley's previous EEO complaint and settlement agreement because Silvia's knowledge of them is relevant to Bradley's retaliation claim. Bradley, however, is not entitled to use the question of Silvia's knowledge of Bradley's EEO activities as a conduit to inundate the jury with testimony about underlying allegations of discrimination that are not at issue in this case.

only issues remaining in this case pertain to the Navy's decision not to select Bradley for the 2002 temporary Housing Manger position, and Bradley should not be permitted to take a week of the Court's and the jury's time to introduce evidence that is immaterial to these issues.

## IV. CONCLUSION

For the foregoing reasons, the Navy requests that the Court grant its motion in limine.

Respectfully submitted,
GORDON R. ENGLAND, SECRETARY OF THE NAVY,
By his Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

/s/ Dulce Donovan
DULCE DONOVAN
Assistant U.S. Attorney
Chief, Civil Division

RICHARD MYRUS
Assistant U.S. Attorney
Civil Division
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: dulce.donovan@usdoj.gov

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 26nd day of June, 2007, I caused to be electronically filed the within Defendant's Motion In Limine with the Clerk of the United States District Court for the District of Rhode Island, using the CM/ECF System. The following participant has received notice electronically:

Joseph F. Hook,Esq.,
294 Valley Road
Middletown, Rhode Island 02842

/s/ Dulce Donovan
Dulce Donovan
Assistant U.S. Attorney
Chief, Civil Division
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (Fax)
Email: dulce.donovan@usdoj.gov